SARAH E. WATTS

v.

D. B. DULL et al.

*Opinion filed February 19, 1900.*

1. ADOPTION—*Adoption act must be strictly construed—no presumptions in favor of jurisdiction.* The Illinois Adoption act, being in derogation of common law, must be strictly construed, and to sustain proceedings thereunder the jurisdiction of the court must affirmatively appear of record, as nothing can be presumed in aid of it.

2. SAME—*adopted child cannot inherit unless statute was strictly followed.* A child adopted under the provisions of the statute cannot inherit from the adoptive parent unless the requirements of the statute were strictly followed in the adoption proceeding.

3. SAME—*jurisdictional elements of adoption proceeding.* Under sections 1, 2 and 3 of the Adoption act (Rev. Stat. 1874, p. 128,) it is essential to the jurisdiction of the court that a petition be filed setting forth the facts required by the statute, which facts must appear from the face of the petition itself, and must be found by the court to be true in entering its decree.

4. SAME—*adoption not granted on petition of wife alone.* Adoption of a child cannot be granted upon the petition of a married woman whose husband, though living, does not join in the petition, although such husband is insane and the petitioning wife is his conservator, since only a joint adoption is authorized by the statute in such a case and no exception is made for the case of insanity.

5. SAME—*when adoption petition is defective.* A defect in an adoption petition, arising from the failure to state that the surviving parent has consented to such adoption, is not cured by the statement that such parent has deserted the child, where it does not appear, either from the petition or the decree, that the desertion has been for a period of at least one year prior to the application, as is required by section 3 of the Adoption act.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

This is a bill, filed on January 6, 1899, by the plaintiff in error, Sarah E. Watts, against the defendant in error, D. B. Dull, and others, alleging that one Catherine Jarvis died intestate on January 15, 1890, owning a certain tract of forty acres of land in McDonough county; that the plaintiff in error was the adopted child of Catherine

Jarvis, and her only heir-at-law; that, shortly after the death of Catherine Jarvis—who left no child or children or descendant or descendants of any child or children, unless plaintiff in error was her legally adopted child— her collateral heirs and her insane husband, by his conservator, Richard Breeden, instituted proceedings for the partition of said land; that, as a result thereof, the land was sold on April 11, 1891, by the master in chancery of the court to the defendant in error, D. B. Dull, to whom a master's deed was executed on October 12, 1892, and the same was recorded on February 3, 1893; that plaintiff in error was not made a party to said proceedings, and had no notice thereof; that afterwards D. B. Dull and Sarah Dull and Margaret Dull mortgaged the land to James Allen, one of the defendants in error, without the consent of the plaintiff in error; that D. B. Dull has been in possession and received the rents, profits and income from said land since he obtained the master's deed; that plaintiff in error has been diligent in her endeavor to secure her rights; and the bill prays for division and partition and for the setting off of the widower's dower, and for an accounting of the rents, income and profits, and that the master's deed and the mortgage of D. B. Dull to James Allen be set aside and canceled as to plaintiff in error. Answer was filed by the defendants below, denying the legality of the adoption of plaintiff in error, and her right to an accounting, and setting up the making of permanent and lasting improvements, and possession by D. B. Dull since the master's sale. The answer also pleads the Statute of Limitations, and avers *laches* on the part of plaintiff in error.

It was stipulated that Ephraim Jarvis, the insane widower of Catherine Jarvis, deceased, died on May 17, 1899. A supplemental bill was then filed, alleging the death of Ephraim Jarvis, and that, by said death, plaintiff in error became sole owner of the land because of the extinguishment of the dower; and praying for the entire

title, together with surrender of possession, and for other equitable relief. An answer was filed to the supplemental bill, admitting the extinguishment of dower, but denying that, by reason of the death of Ephraim Jarvis, plaintiff in error became entitled to any interest in the land, and setting up the Statute of Limitations and *laches.* A reference was had to a master, who took testimony, which was used and considered by the court as evidence in the case.

The original name of the plaintiff in error was Sarah Elizabeth Gossage, and, after the decree of adoption declaring her to be the adopted child of Catherine Jarvis, she was known as Sarah Elizabeth Jarvis. She subsequently married one Clarence Watts.

The following were the decree of adoption, entered by the county court of McDonough county, and the petition for said adoption, which was filed in said court:

"STATE OF ILLINOIS, } *ss.*
*McDonough County.* }

"In the county court of McDonough county, February term, A. D. 1881.—In the matter of the petition of Catherine Jarvis for an order declaring Sarah E. Gossage to be her adopted child.

"And now on this day the above cause coming on to be heard upon the petition and proofs adduced in support of the facts therein stated, and it appearing to the court, from the petition and evidence herein, that said petitioner is a resident of said county, and desires to adopt said child; that said child is a female and of the age of ten years on the 26th day of July, A. D. 1881; and further, that said petitioner desires the name of said child changed to that of Sarah Elizabeth Jarvis; that the father of said child is dead but the mother has deserted said child; said petitioner is the wife of Ephraim Jarvis, who is insane and is at the present time an inmate of the insane asylum, and that said petitioner is the conservator of said Ephraim Jarvis, and that it would, therefore, be to the interest of said child to be the adopted child of said petitioner:

"It is therefore ordered and adjudged by the court that the said Sarah E. Gossage be the adopted child of said petitioner and capable of inheriting her estate; that the name of said child be changed to that of Sarah Elizabeth Jarvis, and that said petitioner pay the costs of this proceeding.

J. H. BAKER, *County Judge.*"

"STATE OF ILLINOIS, ⎱ *ss.*
*McDonough County.* ⎰

   In the county court, February term, A. D. 1881.
"*To the Honorable J. H. Baker, Judge of said Court:*

  "Your petitioner, Catherine Jarvis, of Tennessee, in said county, would respectfully show unto your Honor that she is a resident of said county and desirous of adopting a child so as to render it capable of inheriting her estate; that the name of said child is Sarah E. Gossage; that it was of the age of ten years on the 26th day of July next, and it is a female child; and further, that your petitioner desires the name of said child changed to that of Sarah Elizabeth Jarvis. Your petitioner would further show unto your Honor that the father of said child is dead, but the mother has deserted the child. And further, that your petitioner is the wife of Ephraim Jarvis, who is insane and is at the present time at the insane asylum at Jacksonville, and that your petitioner is the conservator of said Ephraim Jarvis, and that it would, therefore, be to the interest of said child to become the adopted child of your petitioner.

  "Your petitioner would therefore pray this honorable court to make an order declaring said child to be the adopted child of your petitioner and capable of inheriting her estate, and that the name of said child be changed to that of Sarah Elizabeth Jarvis, as provided by the act of the General Assembly of the State of Illinois approved February 27, A. D. 1874.

CATHERINE JARVIS."

"STATE OF ILLINOIS, ⎱ *ss.*
*McDonough County.* ⎰

  "Catherine Jarvis, the above named petitioner, being duly sworn, deposes and says that the facts contained in the above petition by her subscribed are true, according to the best of her knowledge, information and belief.  CATHERINE JARVIS.

  "Subscribed and sworn to before me this 15th day of March, A. D. 1881.          C. W. DINES.

  "Filed March 13, 1881.—C. W. Dines, *County Clerk.*"

  After hearing had, the court below entered a decree dismissing the original and supplemental bills for want of equity at the cost of complainant, to the rendition of which decree plaintiff in error excepted.

  The present writ of error is sued out to review the decree of dismissal so entered by the circuit court.

FRANK B. WETZEL, and CONRAD G. GUMBART, for plaintiff in error.

LYMAN B. VOSE, and H. M. TABLER, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

It is necessary to consider only one question in this case, and that relates to the validity of the proceedings, instituted in the county court of McDonough county by Catherine Jarvis for the adoption of the plaintiff in error as her child. If the decree of adoption was valid, then the partition proceeding, instituted by the collateral heirs of Catherine Jarvis and the conservator of her insane husband, Ephraim Jarvis, was invalid, because the plaintiff in error, as the legally adopted child of Mrs. Jarvis, was not made a party thereto. In such case, the master's deed executed to the defendant in error, D. B. Dull, in pursuance of the sale had under the partition proceedings, conferred no title, and was void. On the contrary, if the decree of adoption was void for want of jurisdiction in the court which rendered it, then plaintiff in error, not being the legally adopted child of Catherine Jarvis, inherited no interest in the land from her, and the title of the defendant in error, D. B. Dull, is a good title.

The present statute of Illinois in relation to the adoption of children was approved on February 27, 1874, and went into force on July 1, 1874. (1 Starr & Curtis' Ann. Stat. p. 353). The right of adoption, as conferred by this statute, was unknown to the common law, and is taken from the Roman law. Being in derogation of the common law, it is a special power conferred by statute, and the rule is that such statutes must be strictly construed. (*Brown* v. *Barry*, 3 Dall. 365; Dwarris on Statutes, 257; *Furgeson* v. *Jones*, 17 Ore. 204). In *Keegan* v. *Geraghty*, 101 Ill. 26, we said of the act of 1874 (p. 39): "As against the adopted child, the statute should be strictly construed,

because it is in derogation of the general law of inheritance, which is founded on natural relationship, and is a rule of succession according to nature, which has prevailed from time immemorial."

The county courts in this State, in the exercise of the common law jurisdiction conferred by statute, are entitled to the same presumptions in favor of their jurisdiction as are the circuit courts. (*Anderson* v. *Gray*, 134 Ill. 550). But a court of general jurisdiction may have special powers conferred upon it by special statute; and, as these powers are not exercised according to the course of the common law, they do not belong to it as a court of general jurisdiction. In the exercise of such special statutory powers, a court of general jurisdiction will be regarded and treated as a court of limited and special jurisdiction; and in the exercise of these special statutory powers the jurisdiction must appear from the record itself; nothing will be presumed to be within the jurisdiction, which does not distinctly appear to be so. Where special powers conferred are exercised in a special manner not according to the course of the common law, or where the general powers of the court are exercised over a class of subjects not within its ordinary jurisdiction upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. (*Galpin* v. *Page*, 18 Wall. 350; *Morse* v. *Presby*, 25 N. H. 382; *Furgeson* v. *Jones*, *supra*). A child by adoption cannot inherit from the adoptive parent, unless the adoption has been had in strict accordance with the statute. (*Tyler* v. *Reynolds*, 53 Iowa, 146). In *Haywood* v. *Collins*, 60 Ill. 328, we said (p. 333): "When a superior court exercises a special statutory and extraordinary power, it stands upon the same ground, and is governed by the same rules, as courts of limited and inferior jurisdiction. The rule then is, that nothing shall be intended to be within the jurisdiction, but that which is so expressly alleged." (See, also, *Johnson* v. *VonKettler*, 84 Ill. 315).

Under section 1 of the Illinois act of adoption, the first step to be taken by a person, seeking the adoption of a child, is the filing of a petition. Section 2 of the act provides what must be stated in the petition. The petition, thus required by the act, is jurisdictional in its character; and the facts, which are required by the statute to give the court jurisdiction, must appear upon the face of the petition itself. Section 3 of the act provides that the facts stated in the petition must be found by the court to be true, when it renders its decree.

Section 1 of the act of 1874 in relation to the adoption of children provides as follows: "The prayer of such petition, by a person having a husband or wife, shall not be granted unless such husband or wife joins therein, and when they so join, the adoption shall be by them jointly." It appears from the petition for adoption introduced in evidence in this case, that Catherine Jarvis, when she filed the petition, had a husband living, named Ephraim Jarvis. The husband, Ephraim Jarvis, did not join with Catherine Jarvis in the petition for the adoption of the plaintiff in error. The petition alleges, that Ephraim Jarvis was insane, and that the petitioner, Catherine Jarvis, his wife, was his conservator. It was undoubtedly true, that, as an insane person, Ephraim Jarvis was incapable of joining in the petition with his wife; but the statute does not make the insanity of either husband or wife an exception to the requirement, that such husband or wife must join in the petition. It is not for the courts to make the law. The making of statutes is the province of the legislature. The petition is filed by Catherine Jarvis in her own right, and as an individual. It is not filed by her in her own right, and as conservator, although she mentions the fact, that she is such conservator, in the petition. Whether or not the county court, entering the decree of adoption, or some other court, upon application made to it for that purpose, would have permitted the conservator of the insane husband to join

in the petition for the adoption with the wife, it is not necessary here to determine. If such conservator could have joined with the wife in the petition, then, under the statute, the adoption would be a joint one by both the husband and the wife, or by the conservator of the husband and the wife. We are not prepared to say, that, under such circumstances, an insane husband could be forced to adopt a daughter not of his own choosing, or that the conservator of an insane husband could be permitted to unite with the wife in such act of adoption. A joint adoption of this kind, if it were allowed to take place, would make the adopted child heir of its insane adopting father, and thus the property of that father would be made to pass away from the natural heirs without any intelligent consent or choice on his part. It is, at any rate, doubtful whether, under section 1 of the act, the wife of an insane husband can file a petition for adoption, or whether, if she can do so, the conservator of the insane husband can be allowed to join with her in such petition. Inasmuch as the provisions of the act, being in derogation of the common law, must be strictly construed, the right of adoption, under such circumstances, cannot be given where the meaning of the act is doubtful, or its language is not capable of definite construction. (*Keegan* v. *Geraghty, supra*).

Furthermore, section 2 of the act requires that the petition shall state "the name and residence of the parents of the child, if known to the petitioner." The petition in the case at bar states that the father of the child was dead, but it does not state the name and residence of the mother of the child, although the latter appears from the petition to have been alive. Of course, the name and residence of the parents of the child are only to be stated, if they are known to the petitioner. Inasmuch as this petition does not state whether such name and residence were known to the petitioner or not, the question arises whether it will be presumed that such name and residence

were unknown because there is no allegation on the subject. Under the general doctrine already announced, that everything will be presumed to be without the jurisdiction of the court, when proceeding under a special statute, which does not distinctly appear to be within it, it would seem that such presumption as to the name and residence being unknown would not be entertained, but that the petition, by omitting any allegation on the subject, is fatally defective. In construing the act of 1867 in regard to the adoption of children, where the petition was required to state "the name of the father, or if he be dead or has abandoned his family, the mother, and if she be dead, the guardian, if any, and the consent of such father or mother to the act of adoption," it was said in *Barnard* v. *Barnard*, 119 Ill. 92, that the fact of the father's death or abandonment was not required to be affirmatively stated; that the statute of 1867 only required, as a jurisdictional fact, that the parent be named who had the actual custody and guardianship of the child, and that it be shown that that parent consented to the adoption. It will be noted, however, that, in the *Barnard case*, the mother filed her written consent to the adoption of the child. Here, however, it does not appear that the mother of the plaintiff in error gave her consent to the adoption.

Section 2 of the act of 1874 provides that the petition shall state "whether the parents, or the survivor of them, or the guardian, if any, consents to such adoption." Here, the father being dead, the mother was the survivor within the meaning of the statute, but the petition nowhere alleges that such survivor gave her consent to the adoption. In this regard, the petition is fatally defective. It is true, that the petition alleges that "the mother has deserted the child." It has been held under statutes, differing in their provisions from our statute, that, if one of the parents is dead, the consent of the survivor must be obtained, provided such survivor has not abandoned the child. (1 Am. & Eng. Ency. of Law,—2d ed.—729, 730).

But if the allegation, that the mother had deserted the child, rendered it unnecessary to allege that she consented to such adoption, the desertion must have been such a desertion, and a desertion for such length of time, as the statute requires to be alleged in the petition.

Section 3 of the act provides that the court must be "satisfied that the parents of the child or the survivor of them has deserted his or her family, or such child, for the space of one year next preceding the application." Here, the petition does not allege that the mother has deserted the child for one year next preceding the application for the adoption; but the allegation is, merely, that the mother has deserted the child. *Non constat* that the desertion was for any longer period than one week or one day. Not only does the petition fail to state that the mother consented to the adoption, or that she deserted the child for one year next preceding the application, but the decree of adoption also fails to find that the desertion was for the space of one year next preceding such application.

Applying the principles above announced to the petition filed in this case, we are of the opinion, that, in view of the language of the statute, the statements in the petition were not sufficient to give the court jurisdiction to enter the decree. The decree of adoption being void for the want of jurisdiction in the county court to render it, plaintiff in error inherited no interest in the land from Catherine Jarvis. It follows that the partition proceeding, and the deed made in pursuance thereof to the defendant in error, D. B. Dull, were not void on account of the failure to make plaintiff in error a party to said proceeding.

Accordingly, the decree of the circuit court, dismissing the original and supplemental bills, is affirmed.

*Decree affirmed.*