# People of the State of Illinois, ex rel. Bernard Heeney, v. Ellen Sullivan.

### Gen. No. 12,449.

1. ADOPTION—*petition for, jurisdictional.* The petition for the adoption of a child is jurisdictional, and unless it avers sufficient facts to confer jurisdiction, an order of adoption predicated thereon is void.

2. ADOPTION—*notice must be given to parents of application for.* Notwithstanding the statute does not require that notice of the application for adoption be given a parent who has deserted his family or child for one year next preceding the petition for adoption, yet the common law is, in this respect, supplementary to the statute and notice in such case is essential, and an order of adoption entered without notice to such parent is void for want of jurisdiction.

*Habeas corpus* proceeding. Appeal from the Circuit Court of Cook County; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1905. Reversed. Opinion filed May 7, 1906.

**Statement by the Court.** This is an appeal from a judgment in *habeas corpus.* April 26, 1905, Bernard Heeney filed a petition alleging the following facts: Petitioner is a resident of the city of Chicago, and Marie Heeney is his daughter by his wife, Minnie Heeney, who died November 4, 1903, and, at the time of her death, was residing in the city of Chicago with Peter and Ellen Sullivan, her father and mother. Said Peter and Ellen Sullivan have possession of Marie Heeney, who is now only eleven years old, and they claim the custody of said Marie by virtue of a decree of adoption of this court of the said Marie. The petition then sets forth the petition of Peter and Ellen Sullivan for the adoption of Marie Heeney, filed November 18, 1903, and the decree thereon. That petition avers, in substance, the following: Petitioners are and for more than forty years have been residents of the city of Chicago; they desire to adopt Marie Heeney, a child about ten years old, whose mother, Minnie Heeney, is dead, and whose father, Bernard Heeney, is a resident of Cook county, Illinois, and has deserted his wife and child for more than one

year last past, to wit, for six years. Petitioners are of sufficient ability to bring up said child and furnish her with suitable nurture and education; they are the maternal grandparents of said child, and, for six years last past, have, with the consent of the child's mother, Minnie Heeney, and by her request, maintained, educated and supported the child, and are now so doing.

Following is the decree which was rendered November 18, 1903, the same day the petition of Peter and Ellen Sullivan was filed:

"On this day come the said petitioners, by John R. McCabe, their attorney, and this cause coming on to be heard upon the petition herein, and evidence adduced by the petitioners, and the court having heard the testimony in open court, and the arguments of counsel, and now being fully advised in the premises, the court finds that the allegations in said petition are fully proven; that Minnie Heeney, the mother of said child, is dead; that Bernard Heeney, the father of said Marie Heeney, has deserted the said Marie Heeney for the space of more than one year, to wit: for the space of six (6) years last past; that the said petitioners, Peter and Ellen Sullivan, at the request and with the consent of the late Minnie Heeney, mother of the said Marie Heeney, supported, maintained and educated the said Marie Heeney for the space of six (6) years last past.

The court further finds that the said child is a female child of the age of ten (10) years; that its present name is Marie Heeney; that the petitioners are of sufficient ability to bring up said child and furnish suitable education and nurture therefor; and that it is fit and proper that such adoption should be made.

It is therefore ordered, adjudged and decreed, in accordance with the statute in such case made and provided, that from this date the said child, Marie Heeney, shall, to all legal intents and purposes, be the child of the petitioners, Peter and Ellen Sullivan, and for the purposes of inheritance and all other legal incidents and consequences shall be the same as if she had been born to them in lawful wedlock."

Said respondents claim the custody of said child by virtue of said decree, and not otherwise. Said petition of Peter and Ellen Sullivan was filed and said decree entered without any notice to, knowledge or consent of petitioner, and from the death of petitioner's wife until long after the filing of said petition and the entry of said decree, petitioner resided in the city of Chicago, and his residence was well known to both Peter and Ellen Sullivan. Petitioner is of sufficient financial ability to bring up said child and to furnish her suitable nurture and education. Petitioner denies that he deserted his said wife and child for one year next before the filing of said petition for adoption, or for any time. He has demanded of said Ellen Sullivan the possession and custody of said child, which she has refused and detains the child solely by virtue of said decree, which decree petitioner charges was entered without jurisdiction. Petitioner prays for writ of *habeas corpus*. The petition is verified, and the writ issued as prayed. Ellen Sullivan made return to the writ that she had Marie Heeney in court, and that she was in her possession and control by virtue of the decree aforesaid, setting out the petition for adoption and the decree, and alleging that she is the wife of the late Peter Sullivan, and that the petition for adoption is true, etc. The court entered an order that the relator's petition should stand as a plea to the return and answer of the respondent. It is recited in the bill of exceptions that the court, after hearing arguments as to whether the Circuit Court had jurisdiction to render the decree of adoption, expressed the opinion that the court had jurisdiction, whereupon the relator moved to dismiss his petition, without prejudice, which motion the court overruled, and the relator excepted. It is also recited in the bill of exceptions that, " on said hearing no evidence of any kind, character or description was offered by either party or received by the court." The court rendered judgment that Marie Heeney was lawfully in the custody of Ellen Sullivan, and remanded her to the custody of Ellen Sullivan.

McARDLE & McARDLE, for appellant.

JOHN R. McCABE, for appellee; ALEXANDER SULLIVAN, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellant contend that the Circuit Court was without jurisdiction to render the decree of adoption of Marie Heeney, for the reason that the statute in regard to the adoption of children was not complied with, and also for the reason that the relator, the father of the child, had no notice of the petition for adoption.    Sections 2 and 3 of the statute are as follows :

" Sec. 2.    The petition shall state the name. age and sex of the child sought to be adopted, and, if it is desired to change the name, the new name, the name and residence of the parents of the child, if known to the petitioner, and of the guardian, if any, and whether the parents or the sur-vivor of them, or the guardian, if any, consents to such adoption."

" Sec. 3.    If the court is satisfied that the parents of the child or the survivor of them has deserted his or her family or such child, for the space of one year next preceding the application, or, if neither is living, the guardian, or if there is no guardian, the next of kin in this state capable of giv-ing consent, has notice of the presentation of the petition and consents to such adoption, or that such child has no father or mother living, and no next of kin living in this state capable of giving consent, or is a foundling, and that the facts stated in the petition are true, and that the peti-tioner is of sufficient ability to bring up the child and fur-nish suitable nurture and education, and that it is fit and proper that such adoption should be made, a decree shall be made, setting forth the facts and ordering that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner or petitioners, and may decree that the name of the child be changed accord-ing to the prayer of the petition."    Hurd's Stat. 1903, pp. 127-128.

The petition of Peter and Ellen Sullivan for the adoption of Marie Heeney alleges that her father, Bernard Heeney, is a resident of Cook county, but does not state whether

or not he consented to the adoption of Marie. In Watts v. Dull, 184 Ill. 86, the question was collaterally presented, whether the adoption of Watts, the plaintiff in error, was valid. The court, in that case, say: "Section two of the act provides what must be stated in the petition. The petition, thus required by the act, is jurisdictional in its character; and the facts which are required by the statute to give the court jurisdiction must appear upon the face of the petition itself." The petition did not state "whether the parents, or the survivor, or the guardian, if any, consents to such adoption." It appeared from the petition that the child's father was dead, but that her mother was alive, and the court held that the petition was "fatally defective" in not stating whether the mother of the child had consented to the proposed adoption, and this although it was averred in the petition that the child's mother had deserted it. The court, in the case cited, gives ample reasons for its decision. After holding that the statute is in derogation of the common law and must therefore be strictly construed, the court say: "The county courts in this state in the exercise of the common law jurisdiction conferred by the statute, are entitled to the same presumptions in favor of their jurisdiction as are the circuit courts. (Anderson v. Gray, 134 Ill. 550.) But a court of general jurisdiction may have special powers conferred upon it by special statute; and, as these powers are not exercised according to the course of the common law, they do not belong to it as a court of general jurisdiction. In the exercise of such special statutory powers, a court of general jurisdiction will be regarded and treated as a court of limited and special jurisdiction; and in the exercise of these special statutory powers, the jurisdiction must appear from the record itself; nothing will be presumed to be within the jurisdiction which does not distinctly appear to be so. Where special powers conferred are exercised in a special manner not according to the course of the common law, or where the general powers of the court are exercised over a class of subjects not within its ordinary jurisdiction upon the per-

formance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court."

It does not appear from the record of the adoption proceedings that the relator had any notice of the proceedings, and the fact that the decree was entered the same day the petition was filed made it next to impossible for the relator to have any knowledge of the proceedings. Counsel for appellee says the statute does not require notice to be given to a parent who has deserted his child. The statute of 1867 in regard to adoption required notice to the parents, or the survivor of them, and that the court, in rendering a decree, should be satisfied "that such father  *  *  *  has notice of such application." Sess. Laws 1867, p. 133; Gross' Stat. 1869, p. 319. But, having critically examined the present statute, our conclusion is that it does not require notice to a parent who has deserted his family or child for one year next preceding the petition for adoption. However, notwithstanding this omission in the statute, the question arises, whether, in the case of a father charged with desertion of his family or child, notice is or not essential to jurisdiction. In Chase v. Hathaway, 14 Mass. 222, the appeal was from a decree of the Probate Court assigning Hathaway as guardian of the appellant, Chase, who had been adjudged and certified by the selectmen of his town to be incapable of caring for himself. It was objected that notice was not given to him at the time of the adjudication by the selectmen, or of the proceedings in the Probate Court; that he was not *non compos*, and had no opportunity to be heard. The statute contained no provision for notice. The court, after stating that it did not appear from the probate proceedings that the appellant was present in the Probate Court, or before the selectmen, when their inquisition was taken, or that he had any notice from the selectmen of the time and place for the inquisition, or from the Probate Court of the return of the commission, or of the time fixed by the judge for considering it, sustained the objection for want of notice of the proceeding in the Probate Court, saying: "There being no pro-

People v. Sullivan.

vision in the statute for notice to the party who is alleged to be incompetent, by reason of insanity, to manage his estate, it seems that the judge of probate did not think such notice essential to his proceedings. But we are of opinion that, notwithstanding the silence of the statute, no decree of a probate court, so materially affecting the rights of property and the person, can be valid, unless the party to be affected has had an opportunity to be heard in defense of his rights. It is a fundamental principle of justice, essential to every free government, that every citizen shall be maintained in the enjoyment of his liberty and property, unless he has forfeited them by the standing laws of the community, and has had opportunity to answer such charges as, according to those laws, will justify a forfeiture or suspension of them. And whenever the legislature has provided that, on account of crime or misfortune, the public safety or convenience demands a suspension of these essential rights of the individual, and has provided a judicial process by which the fact shall be ascertained, it is to be understood as required that the tribunal to which is committed the duty of inquiring and determining, shall give opportunity to the subject to be heard in support of his innocence or his capacity."

Schiltz v. Roenitz, 86 Wis. 31, was a suit by the appellant against the appellee, to recover damages for having been deprived of the services of his minor daughter by the appellee. Attached to the complaint was a copy of certain proceedings for the adoption of the child, by the appellee and his wife, and the question was whether the adoption decree was valid. The petition for adoption alleged that the father of the child had abandoned her and his other children. Ib. 32. In the statement of the case, ib. 33, it is said: "There is nothing on the face of the proceedings, or connected therewith, to show that any notice thereof was ever given to the plaintiff, or that he ever consented to the order of adoption." The statute of Wisconsin in regard to the adoption of children does not require notice to a father who "has abandoned the child, or gone to parts

unknown," nor does the statute contain any provision for notice. Revised Stat. of Wis. 1878, p. 981.

The court held the order of adoption void for want of jurisdiction, on the ground that the appellant, father of the child, had no notice of the proceeding, saying, among other things: "The contention that the County Court would, without notice to the plaintiff or opportunity to him to defend against the charge of abandonment, grant an order depriving the plaintiff of his most sacred natural rights in respect to his child, so jealously guarded and protected by the laws, offends against all our ideas respecting the administration of justice, and is opposed to the principles which lie at the foundation of all judicial systems not essentially despotic in their character and methods of procedure. It is provided by the Fourteenth Amendment to the Constitution of the United States, that 'no state shall * * * deprive any person of life, liberty or property without due process of law.' Due process of law, as applied to judicial proceedings, includes a charge before some judicial tribunal, and notice to the party in some form, either actual or constructive, and an opportunity to appear and produce evidence in his defense and be heard by himself or counsel. To proceed to adjudicate in the absence of notice to the party 'would be contrary to the first principles of the social compact and of the right administration of justice.' McVeigh v. U. S., 11 Wall. 267. In Windsor v. McVeigh, 93 U. S. 277, it is held that: 'Whenever one is assailed in his person or his property, there he may defend, for the liability and the right are inseparable. This is a principle of natural justice, recognized as such by the common intelligence and conscience of all nations. A sentence of the court pronounced against a party without hearing him or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal. That there must be notice to the party of some kind, actual or constructive, to a valid judgment affecting his rights, is admitted. Until notice is given the court has no jurisdiction, in any case,

to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject-matter.'"

The justice and necessity of giving notice to a party when a charge is made against him which, if sustained, may deprive him of his rights, is of very ancient recognition. The Lord did not pass sentence on Cain without notice to him and an opportunity to be heard. "And the Lord said unto him, 'Where is Abel, thy brother?'"

The relator is charged in the petition for adoption, which is not even sworn to, with having deserted his wife and child for more than one year, and the court without any notice to him, or any opportunity to be heard, found him guilty of desertion as charged, and decreed against him. It is such a decree as the court in Windsor v. McVeigh, 93 U. S. 277, severely criticised. In that case libels were filed by the United States against certain properties, and the owner of the properties appeared and filed claims to the property and answers to the libels, which, on motion of the attorney for the government, the trial court struck from the files on the alleged ground that the owner was a resident of the city of Richmond, within the Confederate lines, and a rebel, which objection the Supreme Court thus tersely answered: "It is alleged he was in the position of an alien enemy, and could have no *locus standi* in that form. If assailed there, he could defend there. The liability and right are inseparable. A different result would be a blot on our jurisprudence and civilization. We cannot hesitate or doubt on the subject. It would be contrary to the first principles of the social compact and of the right administration of justice."

Counsel for appellee cite Barnard v. Barnard, 119 Ill. 92, in support of the proposition that notice is not required when a parent has deserted his family. The court, in that case, did not and could not have decided that notice to the father, if living, was not required, because the act of 1867, under which the proceedings were, expressly requires the court to be satisfied that the father, if living, "has notice of such application."

The opinions in Barnard v. Barnard and Watts v. Dull, are irreconcilable. In the former case the court held that the record having come before the court collaterally, it was only necessary to inquire whether the trial court had jurisdiction to render any decree, and that the court having, by the statute, jurisdiction to decree as to the subject-matter, the only remaining question was "whether the parties required by the statute to be before the court, in order that such a decree be rendered, were, in fact, before the court," and the court say: "The presumption, in the first instance, is that the court had jurisdiction, unless it is apparent from the act itself, that the court could not have had jurisdiction in any contingency, or unless the statute empowering the court to act requires the record to show, precedent to its decree, some fact which it fails to show." And the court held it unnecessary to be stated in the petition that the father had consented, or his name, or that he was dead, which things were required by the statute of 1867 to be stated in the petition.

In Watts v. Dull, *supra*, the question as to the validity of the adoption decree came before the court collaterally, notwithstanding which the court held it essential that the averments of the petition should be such as are required by the statute, and that no presumption would be indulged in favor of jurisdiction. It is stated in the petition for adoption that the relator resided in Cook County, so that he might readily have been served with notice. The decree is void for want of jurisdiction, and, therefore, the respondent, Ellen Sullivan, is not entitled to the custody of Marie Heeney by virtue of the decree. However, we must not be understood as holding that the relator, at the time of the entry of the decree, was, or now is, entitled to the custody of Marie Heeney. That is an open question which remains to be determined by evidence in a proper proceeding to be instituted for that purpose. And if any such proceeding shall be instituted, it will be the duty of the court to consider what will be for the best interest of Marie Heeney (Petition of Smith, 13 Ill. 138), in view of her sex

and age, and the character and financial ability of the parties claiming her custody, as the same may appear from the evidence.

The judgment will be reversed.

*Reversed.*