## HENRY B. KENNEDY

*v.*

## MARGARET BORAH.

*Opinion filed February 21, 1907—Rehearing denied April 11, 1907.*

1. ADOPTION—*nothing presumed in aid of jurisdiction in adoption proceeding.*  The jurisdiction of county courts to entertain a petition for the adoption of a child and to declare such child to be the adopted child of the petitioner is a special statutory one, and falls within the rule that nothing is presumed to be within the jurisdiction of the court that does not so appear.

2. SAME—*person claiming to be adopted must prove the petition was sufficient.*  One claiming to be an adopted child for purpose of inheritance must prove the petition for adoption contained the necessary requisites to confer jurisdiction upon the court, and if the court records have been destroyed it is necessary and competent to make oral proof of the contents of the petition.

3. SAME—*when proof of substantial compliance with statute is sufficient.*  Where many years have elapsed since an adoption proceeding was had and the records of the court have been destroyed by fire, during which time the judge who presided has died, proof of substantial compliance with the statute conferring jurisdiction upon the court is sufficient, and if the jurisdictional facts appear the adoption decree is not open to collateral attack for mere error.

4. SAME—*when proof of contents of petition show jurisdiction.*  Oral proof that a petition for adoption was filed in the county court; that it contained statements of the death of the child's parents; that the petitioners had had the child since its infancy; that certain persons were the parents of the child but that both were dead and that she had no guardian, coupled with proof that a decree of some sort, called a decree of adoption, was entered, is sufficient to show jurisdiction after the lapse of nearly forty years, during which time the court records have been destroyed by fire, even though it is not shown that the petition stated the child was a minor and the witnesses do not recall the contents of the decree.

5. APPEALS AND ERRORS—*what objection to oral testimony can not be urged.*  An objection that oral testimony as to the files and records of an adoption proceeding, which files and records had been destroyed, was not admissible without proof that the party offering the same did not have a certified copy of the record, cannot be urged on appeal, where such proof was admitted before the master without objection, and the only objection on the hearing was a general one to the reading of the deposition of each and every witness.

APPEAL from the Circuit Court of Wayne county; the Hon. P. A. PEARCE, Judge, presiding.

ARTHUR ELLIOTT, JOHN R. HOLT, J. R. WILLIAMS, CARROLL C. BOGGS, WILLIAM T. BONHAM, and LARKIN A. McLIN, for appellant:

The power of adoption being conferred by a special statute in derogation of the common law and to be pursued in a summary manner, not according to the course of the common law, jurisdiction to entertain the proceeding must appear from the record itself, and nothing will be presumed to have been within the jurisdiction of the court which does not appear distinctly from the record to be so, and no presumption of jurisdiction will attend any decree alleged to have been entered by the court. *Watts* v. *Dull,* 184 Ill. 86; *Foster* v. *Watterman,* 124 Mass. 592; *Galpin* v. *Page,* 8 Wall. 350.

A child by adoption cannot inherit from the adoptive parents unless the adoption has been in strict accordance with the statute. A petition setting forth the facts which section 1 of the act required it to contain is jurisdictional, and the facts required by the statute to be stated must appear on the face of the petition itself, or the court would be without jurisdiction to entertain the proceedings or enter any decree therein. *Watts* v. *Dull,* 184 Ill. 86.

An intention to adopt, or an attempt to do so, is not sufficient. *Tanner* v. *Reynolds,* 53 Iowa, 146.

The only effective judicial act in a proceeding for adoption is a decree in writing. *Sayles* v. *Briggs,* 4 Metc. 421; 18 Ency. of Pl. & Pr. 437, 438.

The written decree is the sole embodiment of a judicial proceeding. This is so even though no record has been made up. If no decree has been entered in writing there is no legal judgment or decree in the proceeding. 4 Wigmore on Evidence, sec. 2450*a.*

If no decree has been entered in writing, parol proof of proceedings cannot be received. 2 Wigmore on Evidence, sec. 1348.

If a decree was entered in writing and the record burned, then the terms of the alleged written decree, and not the oral proceedings, must be proven. 2 Wigmore on Evidence, sec. 1348; *Sayles* v. *Briggs,* 4 Metc. 421.

The party seeking to avail of its benefits must prove the existence and contents of the decree by a certified copy thereof, or show that he has no certified copy within his control, before oral testimony may be offered. 2 Wigmore on Evidence, sec. 1270.

When oral proof is admissible, it is confined to proof of the contents of the decree. *Mandeville* v. *Reynolds,* 68 N. Y. 28.

The testimony of a witness as to the contents of a lost instrument is not admissible unless he is able to state the substance of the entire instrument. *Dennis* v. *Barber,* 6 S. & R. 420; *Cox* v. *England,* 65 Pa. St. 212.

Proof, to be sufficient to establish the contents of a lost instrument, must be such as will leave no reasonable doubt as to the substantial parts of the writing. *Renner* v. *Bank,* 9 Wheat. 581.

CREIGHTON & THOMAS, for appellee:

An adopted child is the lawful child of the adoptive parents for all purposes of inheritance, and is, in law, as much the child of such parents as though it had been born to them. *Flannigan* v. *Howard,* 200 Ill. 396; *Sayles* v. *Christie,* 187 id. 420.

The judgment of a court of competent jurisdiction decreeing the adoption of a child fixes the status of both the adopting parents and the child, and is conclusive against all collateral attack. Such order of adoption cannot be attacked in a proceeding by the adopted child to have her portion of the adoptive parents' estate awarded to her. 1 Am. & Eng.

Ency. of Law, (2d ed.) 736; *Barnard* v. *Barnard,* 119 Ill. 92; *Flannigan* v. *Howard,* 200 id. 396; *VanMatre* v. *Sankey,* 148 id. 536; *Brown* v. *Brown,* 101 Ind. 340.

After the status of the child is once established by a decree of a court of competent jurisdiction it cannot be changed by anything the adopting parents may say about it afterward. *Miller* v. *Pennington,* 218 Ill. 220; *Brock* v. *State,* 85 Ind. 587; *Binns* v. *Dazey,* 146 id. 536.

When the order of the court making the adoption is shown to have been made, it will be presumed that the court had jurisdiction, unless it appears from the record itself that it could not have had jurisdiction; and the decree of the court cannot be attacked collaterally, but must stand until reversed in some direct proceeding. *Barnard* v. *Barnard,* 119 Ill. 92; *Transportation Co.* v. *Gill,* 111 id. 552; *Crocker* v. *Balch,* 104 Tenn. 6; *Nugent* v. *Powell,* 4 Wyo. 173.

The jurisdiction of the court is the power to hear and determine the subject matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction. Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. *O'Brien* v. *People,* 216 Ill. 354; *Sumner* v. *Milford,* 214 id. 388; *People* v. *Talmadge,* 194 id. 67.

The law presumes, after many years have elapsed and the records have been destroyed, that the officers of the court performed the duties imposed upon them by law, such as filing the petition and decree and recording them; and no presumptions will be indulged in that they failed to perform such duties. *Spring* v. *Kane,* 86 Ill. 580; 1 Greenleaf on Evidence, sec. 509.

Where a court has rendered a decree and the record thereof has been destroyed in a collateral proceeding, all intendments and presumptions must be indulged in which are

necessary to sustain its decree. *Nickrans* v. *Wilk,* 161 Ill. 76; *Bradley* v. *Drone,* 187 id. 175; *Harrow* v. *Grogan,* 219 id. 288.

If the petition contained sufficient recitals to give the county court jurisdiction of the case the decree cannot be attacked collaterally. *Stow* v. *Kimball,* 28 Ill. 106; *Barnard* v. *Barnard,* 119 id. 92; *Flannigan* v. *Howard,* 200 id. 396.

The county court is not a court of inferior jurisdiction, and when it is adjudicating upon a class of questions over which it has general jurisdiction, liberal intendments will be granted in its favor, and its record cannot be attacked collaterally. *Bostwick* v. *Skinner,* 80 Ill. 147; *Moffit* v. *Moffit,* 69 id. 641; *Housh* v. *People,* 66 id. 178.

While the petition for adoption is jurisdictional in its character, still it is not to be construed technically, and should not be construed so narrowly as to defeat the manifest legislative intent. 1 Cyc. 919, 926; *Barnard* v. *Barnard,* 119 Ill. 92; *Fosburgh* v. *Rogers,* 114 Mo. 122; *Flannigan* v. *Howard,* 200 Ill. 396; 1 Am. & Eng. Ency. of Law, (2d ed.) 728.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, Henry B. Kennedy, filed his bill in this case in the circuit court of Wayne county against the mother, brothers, sisters, nephews and nieces of his deceased wife, Rebecca C. Kennedy, asking for partition of real estate of which his wife died seized and for the assignment of homestead and dower to him. The appellee, Margaret Borah, by her intervening petition became a defendant and answered the bill, and also filed a cross-bill alleging that she was the adopted child and heir-at-law of Rebecca C. Kennedy. The cross-bill was answered and replications were filed, and the cause was heard upon evidence taken before the master in chancery and oral testimony produced in court. The court

found that the appellee was the adopted child of Rebecca C. Kennedy and her former husband, and heir-at-law of said Rebecca C. Kennedy, and that the title to the real estate descended to her as such heir, subject only to the homestead and dower rights of appellant.

The following facts were proven without any evidence to the contrary: Rebecca C. Kennedy was formerly the wife of Dr. W. S. Barrickman. They lived at Jeffersonville, in Wayne county, and had no children. They took the appellee, then Margaret McCollum, whose father and mother were dead, to live with them about the year 1859, when she was twelve or thirteen months old. They kept her from that time until she was sixteen years old. In the spring of 1868, when she was nine years old, they went with her to Fairfield, the county seat of Wayne county, and called upon a firm of lawyers to see about adopting her. A petition of Dr. and Mrs. Barrickman for the adoption of appellee was prepared, and the petitioners, with their attorney and appellee, went to the court house. The petition was presented to the judge of the county court and evidence was heard, and there was a proceeding before the court for the purpose of the adoption. After returning to their home in Jeffersonville they told their neighbors that they had adopted the appellee, and that statement was repeated many times to a great many different people, and they said that they had changed her name to Barrickman. When appellee was sixteen years old she was sent for to visit her sister, who was very ill and not expected to live. Mrs. Barrickman refused her permission and appellee went without it. Mrs. Barrickman was greatly offended, and when the appellee returned, about a week afterward, she would not permit her to stay or take her clothes. Appellee then went to live with her relatives and resumed her former name of Margaret McCollum. She was married at seventeen years of age, and there was never any further connection between her and the Barrickmans nor any of the usual incidents of the relation of parent

and child. The records of Wayne county and the records and files of the county court were destroyed by fire in November, 1868. Both Dr. and Mrs. Barrickman stated at different times that they had not adopted the appellee, most of these statements being made after the separation. After that time Dr. Barrickman said that she was not adopted; that they had intended to adopt her but that she went off and left them. The Barrickmans lived at Jeffersonville until about twelve years ago, when they moved to Fairfield. Dr. Barrickman died December 11, 1901, and by his will gave the real estate in controversy and personal property, amounting to about $25,000, to his wife. On October 23, 1905, Mrs. Barrickman, who was then about sixty-nine years old, was married to the appellant, who was forty-one years of age. On December 1, 1905, she died intestate, and on the 13th of the same month appellant filed his bill in this case.

The jurisdiction of county courts to entertain a petition for the adoption of a child and to declare such child to be the adopted child of the petitioner and capable of inheriting his or her estate is a special statutory one unknown to the common law, and falls within the rule that nothing is presumed to be within the jurisdiction of the court which does not appear to be within the same. To establish her adoption it was necessary that appellee should prove that the petition therefor contained the necessary requisites to confer jurisdiction upon the court. (*Watts* v. *Dull,* 184 Ill. 86.) The files and records of the court having been destroyed by fire, it was necessary and competent to prove their contents by oral testimony, and the controversy in the case is whether the evidence produced is sufficient to show that the county court had jurisdiction to enter a decree of adoption, and whether such decree was in fact entered.

Counsel for appellant say that the oral evidence as to the contents of the files and records was not admissible because the appellee did not first prove that she did not have a certified copy of the record, which would have been better evi-

dence. Not saying that the objection would have been good if made in the circuit court, the argument is answered by saying that the objection was not made there. Oral evidence as to the contents of the files and records was taken before the master in chancery and no objection was interposed there, and when the depositions were offered on the hearing appellant merely objected to the reading of the evidence of each and every witness. The objection was of a nature to have been obviated by proof which could have been readily made, and no attention will be given to it here. It is to be remembered that thirty-eight years had elapsed after the fire and before the testimony was given, and the judge of the court had died. Under such circumstances the most exact proof could not have been expected and was not required. There must be a substantial compliance with the provisions of the statute conferring jurisdiction on the court, but the construction is not to be so narrow or technical as to defeat the intention of the legislature and thereby invalidate a proceeding where every material provision of the statute has been complied with; and a decree in such a case is not open to collateral attack on the ground that it is erroneous if the jurisdictional facts appear. *Flannigan* v. *Howard,* 200 Ill. 396.

The testimony produced was that of the attorney who conducted the proceedings, the clerk of the court and his deputy, and persons who were present in the court house when the proceedings took place. The attorney testified that about 1867 Dr. and Mrs. Barrickman came to the office of the firm of which he was a member, in Fairfield, to have the child bound or indentured to them, but concluded not to do so; that in the spring of 1868, after the passage of the Adoption law, they came again and had the proceeding instituted; that the petition asked for the adoption of the child; that it contained statements of the deaths of her parents; that petitioners had had the child since she was an infant; that Samuel McCollum, Jr., and his wife were her parents and that both

were dead; that she had no guardian, and that it asked for
a change of her name to Barrickman. He testified in a
general way, also, that the petition contained everything re-
quired by the statute; that Dr. and Mrs. Barrickman and
the child were present in court; that the deaths of the par-
ents were proved by persons whom the witness named;
that the decree of adoption was prepared in the office of his
firm; that the prayer of the petition was granted by the
court and the decree made. A witness who was clerk of the
court at the time of the proceeding, testified that there was
such a proceeding for the adoption of appellee; that Dr.
and Mrs. Barrickman came into the office and had a little
girl with them, a daughter of Samuel McCollum, who he
should judge was about seven years old, and that a decree
was rendered by the court and recorded by the witness. He
said that the paper recorded was sworn to by Dr. and Mrs.
Barrickman, and, so far as the decree was concerned, he
must have been mistaken in that particular, but it is not
improbable that the whole proceedings, including the sworn
petition, were recorded. At any rate, there is no doubt that
something in the form of a decree was entered. A witness
testified that he called upon the clerk to learn about the adop-
tion and the clerk found the decree in the record and read it
to him. Another witness who was in the clerk's office af-
ter the proceeding, testified that the clerk read over to him
from the book where Margaret McCollum was adopted by
the Barrickmans, and as he read it said that her name was
Maggie McCollum and that she was adopted. These wit-
nesses did not themselves read the decree and their testi-
mony was not competent to prove its contents, but it did
show that there was something of record which the clerk
called a decree of adoption. The deputy of·the clerk testi-
fied that there was a proceeding in the court by Dr. and Mrs.
Barrickman relative to the adoption of appellee; that the
petition was granted by the judge, and that the clerk entered
all the decrees of the court on the record, but he could not

recollect the contents of that decree. A witness who was administrator of an estate and present in the county court when Dr. and Mrs. Barrickman were present with appellee, testified to their presence in the court; that the attorney who testified in the case had a bundle of papers in his hand, and the witness heard the judge say it was his first case of adoption and he would have to brighten up a little. There can be no doubt that the proceeding was instituted, the prayer of the petition granted and the decree entered, although there are some matters affecting, to some extent, the credibility of the principal witness. A large number of persons testified that his reputation for truth and veracity was bad when he resided in Fairfield, thirteen years before he testified in this case. On the other hand, there were a number of witnesses who testified that his reputation was good. He was corroborated in every instance when any other person could have known the fact, and in view of all the testimony pro and con as to his reputation we see no good reason for rejecting his testimony.

The statute under which the proceeding was had is the same one quoted at length in the case of *Barnard* v. *Barnard,* 119 Ill. 92. While in that case the rule of law as to presumptions of jurisdiction in a case of this kind was, perhaps, not accurately stated, the question involved was correctly decided. The objections to the jurisdiction of the court were, first, that the petition did not state that the county of McLean was the residence of the petitioner; and second, that the consent of the father of the child to the adoption was not shown, nor that he was dead, nor was his name given. The statute did not require that the petition should state that the petitioner was a resident of the county where the petition was presented, but only required that he should present the petition to the court of the county where he resided. It only required that the name of the father and the fact that he consented to the adoption should be stated, if he was alive and had not abandoned his child. If he was

dead or had abandoned the child, it was only necessary to state the name of the mother and that she consented to the adoption. The petition in that case contained all that was required by the statute to confer the jurisdiction. This proceeding was under the same statute, which provided that any person desirous of adopting a child might present a petition to the circuit or county court of his or her residence, setting forth the name, age and sex of the child, and if such person desired the name changed, then the new name; also the name of the father, or if he should be dead or had abandoned his family, the mother, and if she was dead, the guardian, if any, and the consent of such father or mother to the act of adoption. The testimony in this case was clear that the petition contained all that was required by the statute, unless it be the age of appellee. The language of the attorney in his testimony is, that the petition stated that the petitioners had had this child since an infant and that the parents of the child were dead. The statement, if contained in the petition, would, of course, show that appellee was a minor and had not passed her childhood. The attorney testified, in general terms, that the petition contained everything that was required by the statute, and in view of the great lapse of time and the impossibility of accurate and definite recollection it would hardly be expected that a witness would remember the precise number of years mentioned in a petition as the age of a child. We think that a construction requiring a witness to remember the number of years mentioned as the age of appellee after a lapse of thirty-eight years would be too narrow and technical, and we regard the proof as sufficient to show that the court acquired jurisdiction.

Whether the facts proved justified the decree cannot be inquired into in this collateral proceeding. Dr. and Mrs. Barrickman told a great many people that they had adopted the appellee and changed her name to Barrickman, and they also afterward frequently stated that she had not been adopted. It is possible that they understood, in making the

latter statements, that her going away and the separation operated in some way to vacate the proceeding, or that it was effective only so long as she remained with them as their adopted child. However that may be, we are convinced that she was the adopted child and the legal heir of Rebecca G. Kennedy.

The decree is affirmed.

*Decree affirmed.*