## Verona R. Munger, Executor, v. Ethel R. Munger.

1. ADOPTION OF CHILDREN—*when petition for, sufficient.* A petition for adoption is not defective in failing to allege that the child sought to be adopted was a foundling where it is set up that the parents of the child were dead and that she had no guardian or next of kin living in this state capable of giving consent to adoption.

2. ADOPTION OF CHILDREN—*when orders entered upon, may not be attacked.* Where an order of adoption shows that the court had full jurisdiction, the same cannot be collaterally attacked.

Contested claim in court of probate. Appeal from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

F. B. SWITZER, for appellant.

CHARLES W. FLACK, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by the executor of the will of John D. Munger, deceased, from an order of the Circuit Court awarding to Ethel R. Munger, formerly Ethel Reid, as the child of the testator, the sum of $683.50. It was stipulated by the parties in interest that Ethel was not related to the deceased by consanguinity, and that she had lived with him from the date of the adoption proceedings hereinafter referred to until the time of his death.

The primary question presented by the record for consideration is whether or not appellee was the legally adopted daughter of the deceased. The evidence offered upon this issue in behalf of appellee consisted of a petition filed by the deceased in the County Court of McDonough county, on November 5, 1895, for the adoption of appellee, whose name was then Ethel Reid, and the change of her name to Ethel R. Munger, together with the order of the court entered upon the

same day granting the prayer of the petition. The petition is regular in form and states all the facts necessary under the statute to give the court jurisdiction. The order finds that the facts set forth in the petition are true. This constituted a legal adoption. Watts v. Dull, 184 Ill. 86; Kennedy v. Borah, 226 Ill. 243.

It is insisted by appellant that the order of adoption is invalid and void for the reason that it fails to expressly find whether or not appellee was a foundling. A foundling is defined to be "a new-born child, abandoned by its parents, who are unknown." Rapalje & Lawrence's Law Dict. 451. The petition alleges that the order finds that the parents of the child were dead and that she had no guardian or next of kin living in the state, capable of giving consent. The status of the child was thus sufficiently shown under the statute. It does not appear from the record that the court had not full jurisdiction to enter the order, and its validity cannot therefore be attacked collaterally. Barnard v. Barnard, 119 Ill. 92.

It is further urged that appellee is not entitled to the award because the record fails to disclose that she resided with the deceased at the time of his death; that the word "living" used in the stipulation does not necessarily mean residing as required by the statute. The contention is captious and without merit. Other reasons are suggested in the brief of counsel why the award was improperly allowed. Counsel has not seen fit to argue the same, and they must be regarded as waived.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*