(No. 16757.—Reversed and remanded.)
EDWARD EATON MUSSELMAN, Appellee, *vs.* SARAH J. PARAGNIK *et al.* Appellants.

*Opinion filed June 18, 1925.*

1. ADOPTION—*petition for adoption must conform to statute.* A proceeding for adoption being unknown to the common law and affecting important changes in the rights and relations of the parties must strictly conform to the statute, and the petition must show all the facts necessary to authorize the court to act, as nothing will be presumed to be within the jurisdiction of the court which does not distinctly appear to be so.

2. WILLS—*when alleged adoption is not sufficient to authorize contest of will.* A complainant is not entitled to contest a will by virtue of his alleged adoption by the testator where the petition in the adoption proceeding did not state the name and residence of the mother or that they were unknown to the petitioners or whether she consented to the adoption, as in such case the order of adoption is without jurisdiction and void.

APPEAL from the City Court of DuQuoin; the Hon. SILAS COOK, Judge, presiding.

JUDSON E. HARRISS, MELVIN & MELVIN, and LITTLE & FINFROCK, for appellants.

M. C. Cook, and L. P. Harriss, (L. A. Cranston, of counsel,) for appellee.

Mr. Chief Justice Dunn delivered the opinion of the court:

A decree of the city court of DuQuoin at its October term, 1924, set aside the will of Edward Musselman and the probate thereof, and the proponents have appealed.

The contestant was not related by blood to the testator but was a nephew of his wife, and claimed to be interested in the estate and therefore entitled to file a bill to contest the will by virtue of his adoption by the testator and his wife. The court heard the issue which was taken on this claim and found that the appellee was legally adopted by Edward Musselman and Mary Musselman, his wife, in the county court of Perry county, Illinois, at its September term, 1898, and that his name was changed from Edward Eaton to Edward Eaton Musselman. The appellants contend that this finding is contrary to the evidence, which shows that the order of adoption made by the county court of Perry county was without jurisdiction and void. The answer to the question thus made depends upon the record of the county court. That record consists of a petition by Edward Musselman and Mary Musselman, his wife, for the adoption of a male child named Edward Eaton, of the age of four years on November 30, 1897, whose name they desire changed to Edward Eaton Musselman; that the father is living and has had notice of the application and consents. The petition was sworn to by the petitioners on September 10, 1898, and was accompanied by the written consent of A. C. Eaton, the father, to the adoption. The order was entered on September 12, 1898, while the Adoption act of 1874 was in force, and after finding from the petition and evidence in the same terms as the petition, the court decreed the adoption of the child and the changing of his

name to Edward Eaton Musselman. Although the child's mother was living she was not mentioned in the petition for adoption or in the decree. No notice was served on her, and it is not stated that her name or residence is unknown to the petitioners, and she did not consent to the adoption.

The right of adoption being unknown to the common law is purely statutory. Adoption creates a change in the status of the child adopted, in the relation of parent and child and in the duties owing by each to the other, and in the relation of the adoptive parents and the adopted child in their respective duties and rights. Naturally, statutes authorizing such important changes in these most important relations, rights and duties have provided with some particularity in respect to the agency by which such changes shall be accomplished, the conditions under which they may be made and the manner in which they may be effected. The act of 1874 conferred this power on the county court, and sections 2 and 3 specify with particularity the conditions for the exercise of the jurisdiction so conferred. They were as follows:

"Sec. 2. The petition shall state the name, sex and age of the child sought to be adopted, and, if it is desired to change the name, the new name, the name and residence of the parents of the child, if known to the petitioner, and of the guardian, if any, and whether the parents or the survivor of them, or the guardian, if any, consents to such adoption.

"Sec. 3. If the court is satisfied that the parents of the child or the survivor of them has deserted his or her family, or such child, for the space of one year next preceding the application, or, if neither is living, the guardian, or if there is no guardian, the next of kin in this State capable of giving consent, has notice of the presentation of the petition and consents to such adoption, or that such child has no father or mother living, and no next of kin living

in this State capable of giving consent, or is a foundling, and that the facts stated in the petition are true, and that the petitioner is of sufficient ability to bring up the child and furnish suitable nurture and education, and that it is fit and proper that such adoption should be made, a decree shall be made, setting forth the facts and ordering that from the date of the decree the child shall, to all legal intents and purposes, be the child of the petitioner or petitioners, and may decree that the name of the child be changed according to the prayer of the petition." (Rev. Stat. 1874, chap. 4, p. 128.)

The statutory jurisdiction conferred on the county court by this act not being exercised according to the course of the common law but being in derogation of that law, is subject to the rule that nothing is presumed to be within the jurisdiction which does not distinctly appear to be so. The jurisdiction in such cases, both as to the subject matter and as to the persons to be affected by it, must appear by the record. The petition required to put the court in motion and give it jurisdiction must be in conformity with the statute granting the right and must show all the facts necessary to authorize it to act. (*Watts* v. *Dull,* 184 Ill. 86; *Payson* v. *People,* 175 id. 267; *Chicago and Northwestern Railway Co.* v. *Galt,* 133 id. 657; *Munroe* v. *People,* 102 id. 406; *Cobe* v. *Guyer,* 237 id. 516.) In *Kennedy* v. *Borah,* 226 Ill. 243, it is said: "The jurisdiction of county courts to entertain a petition for the adoption of a child and to declare such child to be the adopted child of the petitioner and capable of inheriting his or her estate is a special statutory one unknown to the common law, and falls within the rule that nothing is presumed to be within the jurisdiction of the court which does not appear to be within the same. To establish her adoption it was necessary that appellee should prove that the petition therefor contained the necessary requisites to confer jurisdiction upon the court." In support of this proposition is cited *Watts* v. *Dull, supra,*

where it is said: "Section 2 of the act of 1874 provides that the petition shall state 'whether the parents, or the survivor of them, or the guardian, if any, consents to such adoption.' Here, the father being dead, the mother was the survivor within the meaning of the statute, but the petition nowhere alleges that such survivor gave her consent to the adoption. In this regard the petition is fatally defective. It is true that the petition alleges that 'the mother has deserted the child.' * * * But if the allegation that the mother had deserted the child rendered it unnecessary to allege that she consented to such adoption, the desertion must have been such a desertion, and a desertion for such length of time, as the statute requires to be alleged in the petition. Section 3 of the act provides that the court must be 'satisfied·that the parents of the child or the survivor of them has deserted his or her family, or such child, for the space of one year next preceding the application.' Here, the petition does not allege that the mother has deserted the child for one year next preceding the application for the adoption; but the allegation is, merely, that the mother has deserted the child. *Non constat* that the desertion was for any longer period than one week or one day. Not only does the petition fail to state that the mother consented to the adoption, or that she deserted the child for one year next preceding the application, but the decree of adoption also fails to find that the desertion was for the space of one year next preceding such application." *Kennedy* v. *Borah, supra,* also corrects the erroneous statement in the previous case of *Barnard* v. *Barnard,* 119 Ill. 92, that in an adoption proceeding in the county court the presumption in the first instance is that the court had jurisdiction, unless it is apparent from the act itself that the court could not have had jurisdiction, or unless the statute empowering the court to act requires the record to affirmatively show some facts which it fails to show. While recognizing the error of this statement, it

was said in the *Borah case* that the *Barnard case* was nevertheless correctly decided, because the petition did contain everything that it was required by the statute to contain to confer jurisdiction.

The decisions agree that the least that can be required to sustain the jurisdiction of the county court to make an order of adoption is that the record should show a petition containing the necessary requirements to sustain the jurisdiction,—that is, a petition containing the statements which the statute says the petition shall state. This petition did not state the name and residence of the mother or that they were unknown to the petitioners or whether she consented to the adoption. The statute requires a petition stating these facts before the court is authorized to act. Until such a petition was filed the case was not within the jurisdiction of the county court. It was not a case in which the court had a right to deliberate and was not a case committed to the court by law. This question received a full consideration by the court at its last term in a case in which a rehearing has been denied at this term, (*Keal* v. *Rhydderck, ante,* p. 231,) in which there is a review of the previous decisions of the court. In accordance with the views announced in the opinion in that case the order of adoption of the appellee made by the county court of Perry county was without jurisdiction and void. The appellee was therefore not a person interested who was authorized to contest the will, and the court erred in not dismissing his bill.

The decree is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*