Decree affirmed and appeal dismissed, at the costs of the appellant.

# Appeal of William H. Lewis et al.

## Eliza M. Caldwell's Estate.

As the act of May 4, 1855, providing for adoption of minors, does not authorize an appeal, the supreme court cannot review the evidence on a proceeding to set aside a decree of adoption.

(Argued March 23, 1887. Decided April 4, 1887.)

January Term, 1887, No. 335, before Mercur, Ch. J., Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ. Appeal from a decree of the Common Pleas No. 3 of Philadelphia County dismissing a petition to set aside a decree of adoption. Decree affirmed and appeal dismissed.

The record showed the following:

The petition of Mrs. Eliza M. Caldwell for the adoption of Hattie M., a minor child of Emma T. Gallagher, was filed March 11, 1878. The same day the prayer of the petition was granted, and the court ordered and directed said child to take the name of and be called Hattie M. Caldwell, and have all the rights of a child and heir of the petitioner, Eliza M. Caldwell, and be subject to the duties of a child to her.

December 12, 1884, Mrs. Caldwell died, leaving to survive her, her adopted daughter and a brother, William H. Lewis, and several nieces, daughters of a deceased brother. January 10, 1885, the petition of William H. Lewis and others next of kin of Mrs. Caldwell was filed for citation to show cause why the decree of adoption of Hattie M. Gallagher by Eliza M. Caldwell should not be revoked and set aside. After citation and an-

Note.—The same is true in proceedings for the adoption of a child under the act of May 19, 1887 (P. L. 125); and the only writ by which a review can be had is a writ of certiorari. Though all writs are called appeals by virtue of the act of 1889, yet the distinguishing characteristics of the different writs that prevailed before the passage of that act still remain. *Re Bastin,* 10 Pa. Super. Ct. 570.

swers filed the case was referred to William Henry Sutton, Esq., as examiner, to take testimony as to whether or not the signature to petition for adoption was the signature of Eliza M. Caldwell.

June 11, 1885, an issue upon the question of validity of signature (only) was refused. June 20, 1885, the case was again referred to William Henry Sutton, Esq., as examiner, to take testimony as to the mental capacity of Eliza M. Caldwell at the time of adoption of Hattie M. Caldwell, in 1878, and to report to the court. The examiner reported and the court decreed, December 18, 1885, that the prayer of the petition and application for issue be refused.

It further appeared that Mrs. Caldwell made a will March 22, 1878, wherein she made Hattie M. Caldwell, her adopted daughter, her residuary legatee, ignoring her brother and nieces. The latter filed a *caveat,* but learning of the adoption proceedings whereby Hattie M. Caldwell would take the estate, under the intestate laws, if the will were set aside, they instituted these proceedings.

The assignments of error specified the action of the court: (1) In entering the decree; (2) in making the decree, which is equivalent to dismissing the petition of the said petitioners; (3) in making the decree, because the same is against the evidence and testimony produced; (4) because against the weight of the evidence and testimony produced; (5) because contrary to law, equity, and justice; (6) in not granting the prayer of the petition; (7) in not making a decree setting aside the said decree of adoption of Hattie M. Caldwell by Eliza M. Caldwell because the uncontradicted testimony shows that the same was procured through the misrepresentation and undue influence of Emma T. Gallagher, the confidential nurse, servant, and housekeeper of the said Eliza M. Caldwell, and the mother of the alleged adopted child, at a time when the said Eliza M. Caldwell had not sufficient mental capacity to fully understand the import and effect of the said adoption; (8) in not making a decree setting aside the said adoption because the violent presumption, as gathered from the evidence of constructive fraud on the part of Emma T. Gallagher, the mother of the alleged adopted child, and others, is that the intent of the alleged adoption was to prevent your petitioners, as the next of kin, from contesting the will of said Eliza M. Caldwell.

*Jerome Carty,* for appellants.—"Adoption," in the ordinary sense of the word, is the act by which a person takes a child of another into his family and treats him as his own. Legal adoption is the judicial act creating between two persons certain relations, purely civil, of paternity and filiation.    6 Demolombe, § 1.

The right of any adopted child to inherit depends entirely upon the validity of the decree or proceedings by which he may be adopted.    Giving an adopted son a right to inherit does not make him a son in fact; and he is so regarded in law only to give the right to inherit, and not to change the collateral inheritance tax law.    As against that law he has no higher merit than collateral blood relations of the deceased, and is not at all to be regarded as a son in fact.    Com. v. Nancrede, 32 Pa. 390.

In the case of Booth v. Van Allen, 7 Phila. 401, it is decided that the decree of adoption under the act of May 4, 1855, will be revoked when it appears to the court that it was obtained by fraud and misrepresentation.

*William J. Smyth, Mayer Sulzberger, Henry M. Dechert, Thomas J. Diehl, Richard P. White,* and *John G. Johnson,* for the several appellees.—Adoption in Pennsylvania is by virtue of the act of May 4, 1855, P. L. 431.    That act empowers courts, on petition, to make a decree, but it does not in any wise authorize any person to institute any appellate proceedings of any kind from that decree.

There is no right at common law to adopt a child.    Ballard v. Ward, 89 Pa. 358.

In proceedings in the course of the common law, a writ of error lies; but in statutory proceedings, where no appeal is given to the supreme court, the most that can be done is by certiorari to bring up the record for review so far as to ascertain that the court had jurisdiction, and that the proceedings were regular. Barnes's Appeal, 2 Pennyp. 506, 511.

The question of opening a judgment rests in the discretion of the court by which it was rendered.    No appeal from its action lies to the supreme court, nor could it be reviewed on writ of error, unless the opening in the particular case was in excess of the power of the court.    Catlin v. Robinson, 2 Watts, 373.

A refusal to open is merely a refusal to disturb the judgment, and is not the exercise of an illegal power.    Henry v. Brothers,

48 Pa. 70; McClelland v. Pomeroy, 75 Pa. 410; Lamb's Appeal, 89 Pa. 407.

The court itself could not have made a decree in any other form than the one prayed for in the words of the statute. *Re* Irwin, 7 W. N. C. 225.

PER CURIAM:

The complaint here is at the refusal of the court to set aside the decree of adoption made on the petition of Mrs. Caldwell. As the act of assembly does not authorize an appeal, we cannot review the evidence. We can review the record only. In this case that is altogether regular; and no error appears therein. Therefore,

Decree affirmed and appeal dismissed, at the costs of the appellants.