## CELIA ANN MEYERS
## V.
## BENJAMIN MEYERS.

*Parent and Child—Adoption—Appeal.*

An appeal to the Circuit Court will not lie from an order entered by the County Court for the adoption of a child under the provisions of Chap. 4, R. S.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Coles County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. F. K. DUNN, for appellant.

Messrs. CRAIG & CRAIG, for appellee.

CONGER, J.   Benjamin Meyers filed a petition in the County Court of Coles County, under the provisions of Chap. 4 of the Revised Statutes, entitled, "Adoption of Children," for the adoption of Luella May Meyers; "alleges that she is a female child about seven years old; that her mother, Celia Ann Meyers, is a resident of St. Louis, Missouri, and does not consent to the adoption; that petitioner is the grandfather of said child and its father is unknown to petitioner; that petitioner has had the custody, control and education of the child since her birth; that she was abandoned when two years old by her mother, who has since followed a life of prostitution and not contributed anything to the support of said child; that petitioner's wife is dead and he is able financially to care for said child, owning eighty acres of land in Humbolt Township, worth $3,200, and personal property worth about $600.   Prayer for an order of adoption."

The County Court made the order of adoption as prayed for, whereupon appellant, the mother of the child, prayed for

and obtained an appeal to the Circuit Court, when, upon motion of appellee, her appeal was dismissed, from which order, dismissing the appeal, she brings the record to this court for review. The only question involved is, does an appeal lie to the Circuit Court from an order of the County Court in such cases.

We think the Circuit Court held rightly that no appeal would lie. No provision is made in Chap. 4 for an appeal, and we think the principles announced in the case of The People ex rel. v. Gilbert, 115 Ill. 59, and in the case of Cramer v. Forbis, decided by this court at the last November term, should govern in this case.

The proceeding is to provide homes for children who may be so unfortunate as to have none; it is a summary statutory proceeding; it does not bind the parents, as they are not parties to the proceeding, but they or either of them, if they think their children are unlawfully taken or withheld from their custody, may have an investigation under a writ of *habeas corpus* to ascertain and assert their rights.

The decree of the Circuit Court dismissing the appeal will be affirmed.

*Decree affirmed.*