## In the Matter of the Petition of Isaac M. Warner and Ella V. Warner to adopt Loraine R. E. Short and Rhea Pauline Short.
## On Appeal of Charles W. Short.

### Gen. No. 6,024.

APPEAL AND ERROR, § 43*—*when appeal lies in adoption proceedings.* An appeal does not lie from an order of a County Court in a proceeding for the adoption of a child, under chapter 4 of the Revised Statutes (J. & A. ¶¶ 193-200).

Appeal from the County Court of McHenry county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the April term, 1915. Appeal dismissed. Opinion filed April 15, 1915.

V. S. LUMLEY, for appellant.

HENDRICKS & MARSHALL, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is a proceeding instituted under chapter 4 of the Revised Statutes (J. & A. ¶¶ 193-200), relating to the adoption of children. A petition was filed in the County Court of McHenry county, by Isaac M. Warner and Ella V. Warner, praying for the adoption of two children, namely, Loraine R. E. Short and Rhea Pauline Short, under the provisions of the act referred to. A decree was entered by the County Court granting the prayer of the petition and sanctioning the adoption of the two children. The father of the two children adopted thereupon prayed an appeal to this court, which appeal was allowed. Appellees made a motion in this court to dismiss the appeal, which was taken under advisement, to be considered and determined in the decision of the case.

"The adoption of children is unknown to the common law. The principle of adoption is taken from the

Roman law, and is solely, the creation of statutory enactment. The proceeding does not belong to the general jurisdiction of County Courts, nor is it in accordance with the usual form of common law or chancery proceedings; but it is under the special statute and to be exercised in a special and summary manner." *Foley v. Foley,* 61 Ill. App. 580.

The question of the right of appeal, in proceedings of this character, was passed upon in the case of *Meyers v. Meyers,* 32 Ill. App. 189. It was there also held that this proceeding is purely statutory, and of a summary character, like the proceedings for the commitment of insane persons and for the appointment of guardians. The right of appeal is not given and the right of an appeal is incompatible with the nature and the purposes of statutory proceedings of a summary character. *People v. Gilbert,* 115 Ill. 59. In purely statutory actions the right of appeal does not lie, unless expressly provided for in the statute. *Cramer v. Forbis,* 31 Ill. App. 259; Lewis' Appeal (Pa.) 10 Atl. 126.

It is therefore clear that there is no right of appeal in this case, and the appeal should be dismissed.

*Dismissed.*