Clarence C. Holman and Beulah Holman, Defendants in Error, v. J. M. Brown et al., Plaintiffs in Error. David B. Crews and Frankie Crews, Defendants in Error.

1. APPEAL AND ERROR, § 11*—*right to writ of error in adoption proceedings.* A petition for a writ of error did not lie to review a decree awarding the child in question to the petitioners for its adoption.

2. APPEAL AND ERROR, § 11*—*when writ of error does not lie in statutory proceedings.* A petition for a writ of error will not lie to review a proceeding of a court of record where such proceeding is not one in law or chancery, or where the proceeding is purely statutory and no writ of error is provided for, except in those cases where the property rights or the liberty of the individual are involved; hence the petition for such a writ did not lie to review an order awarding the child in question to the petitioner for its adoption.

3. ADOPTION, § 6*—*jurisdiction of County Court.* The jurisdiction of the County Court to entertain an adoption proceeding is a special statutory one unknown to the common law, and in such proceeding that court exercises no common-law jurisdiction.

Error to the County Court of Effingham county; the Hon. BARNEY

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

OVERBECK, Judge, presiding. Heard in this court at the March term, 1919. Writ dismissed. Opinion filed November 7, 1919.

JACOB ZIMMERMAN, HARRY S. PARKER, J. W. & E. C. CRAIG and FRED H. KELLY, for plaintiffs in error.

G. P. DENTON and BYRON PIPER, for defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

A writ of error was sued out of this court to review a decree entered by the County Court of Effingham county, awarding Carroll Maxine Brown, an infant, to defendants in error. The record discloses that the said Carroll Maxine Brown was born June 17, 1917, being the infant daughter and only child of Raleigh Ray Brown, who died on December 10, 1918, and Vera C. Brown, his wife, who died on December 14, 1918. J. M. Brown and Mary L. Brown were the paternal grandparents of said Carroll Maxine Brown and the said J. M. Brown was also the legal guardian of said infant, by appointment of said County Court. Said J. M. Brown and Mary L. Brown were engaged in the hotel business at Carbondale and also at Effingham. David B. Crews and Frankie Crews were the maternal grandparents of said infant. Beulah Holman, one of the defendants in error, is a sister of the said Vera C. Brown, deceased, and Clarence C. Holman is her husband. Said Holmans, who have been married some 4 or 5 years, have no children and reside in Effingham. The said Clarence C. Holman is a physician, about 34 years of age, and his wife is some few years younger. The said Holmans being desirous of adopting said child filed a petition in the County Court of said county on January 16, 1919, setting up the above-mentioned facts and their wish and ability to have the possession, care and custody of said infant and praying

that a decree of adoption be awarded by the court as provided by statute. To said petition, J. M. Brown in his individual capacity and as guardian of the said Carroll Maxine Brown, Mary L. Brown, David B. Crews and Frankie Crews were all made parties and were served with process and appeared and answered said petition. The said David B. Crews and Frankie Crews filed their written consent to the adoption of said infant by said petitioners. The said J. M. Brown, individually and as guardian, and Mary L. Brown, answered said petition, admitting the material allegations thereof except the allegation to the effect that it was for the best interest of said child that the court grant the prayer of the petition. This allegation was denied, and it was set forth in the answer that it was for the best interest of said child that the prayer of the petition be denied and that the custody and control of said infant remain with said grandparents.

On the hearing evidence was offered on the part of the petitioners to the effect that petitioners were proper persons to have a decree giving them the said child as their own by adoption as provided by statute. The record discloses that the said Clarence C. Holman has a good practice and a net income of some $200 per month; that he has personal property worth about $5,000, and that he owns real estate in Arkansas worth from $15,000 to $20,000, over and above mortgage indebtedness on the same. The record also discloses that the petitioners were persons of high standing in the community and were in every way worthy and well qualified to take over the care and custody of said child as their own.

Upon the hearing the County Court held that under the statute of this State, in order to give it jurisdiction where there was no father or mother living, the guardian must file in writing his consent to the adoption of said child. The court thereupon entered an order removing J. M. Brown as guardian of the person of said

infant, and appointed one Harry J. Rickelman, a member of the Effingham County Bar, as guardian *ad litem* with a provision that he should file or withhold his consent to said adoption as he saw fit. Said guardian *ad litem* filed his written consent to said adoption, and the court having found that it was for the best interests of said child that the prayer of the petition be granted entered a decree awarding said child to said petitioners.

Plaintiffs in error prayed an appeal from said decree which was denied, and thereupon sued out the writ of error above mentioned. A motion was made by defendants in error to dismiss this proceeding on the alleged ground that writ of error will not lie in this character of case, which said motion was taken with the case.

Two principal questions therefore arise on this record: First, as to whether or not a writ of error will lie to review an order of this character; and second, if a writ of error will lie, as to whether or not the County Court has jurisdiction to hear and determine the matters involved in the petition. In our view of the case it will only be necessary for us to pass on the first proposition.

It is conceded by counsel for both sides that no writ of error or appeal is provided for in this character of proceeding so far as the statute is concerned.

Plaintiffs in error take the position that a writ of error will lie to review the proceeding of a court of record in all cases whether common law or purely statutory where no appeal is provided for, and where a writ of certiorari will not lie and where a writ of error is not specifically denied by the statute which gives effect to the proceeding. On the other hand, counsel for defendants in error take the position that a writ of error will not lie to review a proceeding of a court of record where the proceeding is not one at law or in chancery according to the course of the common

law, or where the proceeding is purely statutory, and no writ of error is provided for, except in those cases where property rights or the liberty of the individual are involved. We have examined the elaborate briefs which have been filed by counsel representing both sides of this argument and have examined the authorities submitted and are of the opinion that the position of defendants in error is the correct one. Counsel for plaintiffs in error do not contend that there are any property rights involved in this proceeding or that the liberty of any of the parties hereto is involved.

The authorities in this State uniformly hold that the jurisdiction of the County Court to entertain an adoption proceeding is a special statutory one unknown to the common law, and that in such proceeding the court exercises no common-law jurisdiction. *Kennedy v. Borah,* 226 Ill. 243; *Watts v. Dull,* 184 Ill. 86; *Foley v. Foley,* 61 Ill. App. 577.

In *Loomis v. Hodson,* 224 Ill. 147, the Supreme Court in discussing the question of final jurisdiction of the County Court in a proceeding for the removal of the county seat at page 154 says: "The legislature has committed to the County Court the decision of questions arising preliminary to the question for removal of a county seat and made its decision final. We do not think this is contrary to any provision of the constitution or to the decisions of this court. The question at issue does not involve 'property rights or personal liberty,' and we have repeatedly held that where the legislature had committed the final decision of questions of a somewhat similar nature to the one here involved to public officials or trial courts, this court did not have the right to review such decision. *People v. Rose,* 211 Ill. 259; *Moore v. Mayfield,* 47 Ill. 167; *City of Jacksonville v. Hamill,* 178 Ill. 235; *Birket v. City of Peoria,* 185 Ill. 369; *People v. Cohen,* 219 Ill. 200."

In *Myers v. Newcomb Spec. Drain. Dist.*, 245 Ill. 140, the Supreme Court at page 146 in discussing this question says: "Section 91 only provides for an appeal or writ of error 'in any suit or proceeding at law or in chancery' and as the term 'suit or proceeding at law or in chancery' only includes suits instituted and carried on in substantial conformity with the forms and modes prescribed by the common law or by the rules of chancery (*Grier v. Cable* [159 Ill. 29], *supra; Brueggemann v. Young*, 208 Ill. 181), said section 91 confers no right of appeal to or writ of error from the Appellate or Supreme Court in any case which is instituted and carried on in conformity with forms and modes not according to or recognized by the common law or rules of chancery, but solely in accordance with statutory provisions, and does not, by implication or otherwise, repeal section 122 of the County Court Act, in so far as the latter section provides for an appeal to the Circuit Court in such cases."

*Myers v. Newcomb Spec. Drain. Dist., supra,* is cited and approved in *People v. Piccollo*, 275 Ill. 453.

In *Sweeney v. Chicago Tel. Co.*, 212 Ill. 475, the court at page 476 says: "There being no statute which permits a party to a condemnation proceeding to have the record reviewed by a writ of error, if it can be prosecuted at all it must be because the right to a writ exists apart from any statute authorizing it. A writ of error is a writ of right in all cases which are prosecuted according to the course of the common law; but it is not a writ of right in any special statutory proceeding. The condemnation of private property for public use under the Eminent Domain Act is a special, statutory and summary proceeding. It may be prosecuted in vacation before the judge, or in term time, in accordance with the provisions of the act, which amount to a code of practice for that class of cases. The proceeding is regulated entirely by the statute, and it is not governed, either as to pleading or

practice, by the rules of the common law. The proceeding under the statute is summary, for the purpose of having the compensation ascertained and having the property condemned appropriated to the public use without delay. Being of that nature, there is no right to a writ of error unless expressly given by statute.''

We have examined the cases cited by counsel for plaintiffs in error and find in each of such cases that where the court held that a writ of error would lie to review the judgment or decree of a court of record in a proceeding that was purely statutory and where no writ of error was provided for in the statute, that in every such case property rights or personal liberty was involved. In *Bell v. Mattoon Waterworks & Reservoir Co.*, 235 Ill. 218, cited by plaintiffs in error property rights were involved. In *Town of Jamaica v. Town of Vance*, 96 Ill. App. 598, property rights were involved. The same obtained with reference to *McCallum v. Chicago Title & Trust Co.*, 203 Ill. 144. What the court said in *Hall v. Thode*, 75 Ill. 174, and in *Hart v. West Chicago Park Com'rs*, 186 Ill. 469, cited by counsel for plaintiffs in error, was merely *obiter dictum*, in both of these cases an appeal was specifically given by statute.

We are therefore of the opinion from an examination of all of these cases that the motion to dismiss said writ of error should be allowed and said writ dismissed, and it is so ordered.

*Writ dismissed.*