(No. 13355.—Order affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS *vs* JOHANNAH S.
CONLEUR *et al.* Appellees.—(JACOB GLOS, Appellant.)

*Opinion filed June 16, 1920—Rehearing denied October 8, 1920.*

1. APPEALS AND ERRORS—*appellant cannot take advantage of im-
perfections in record which do not affect his interest.* An appellant
cannot take advantage of alleged imperfections in the record which
do not in any way concern him or his interest but relate to other
persons as to whom the errors, if they exist, can be availed of by
no one but themselves.

2. TAXES—*party notified of petition for tax deed cannot object
that trustee in trust deed was not notified as trustee.* Where lots
have been sold for taxes and the purchasers at the sale after the
expiration of the period for redemption file their petition for deeds
to be issued to them, a party who is notified of the petition cannot
object that one to whom he has executed a trust deed has not been
notified as trustee though said trustee is notified individually for
whatever interest he has.

3. SAME—*section 217 of the Revenue act does not apply to fore-closure sale for tax lien.* Section 217 of the Revenue act does not apply to a sale under a decree foreclosing a tax lien, and a compliance with that section is not necessary in order to obtain deeds.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

JOHN R. O'CONNOR, and ALBEN F. BATES, for appellant.

WALTER E. Moss, for appellees H. W. Ward, C. H. Tharp and E. H. Wood.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 18, 1914, the People of the State of Illinois filed the bill in this case in the circuit court of Cook county to foreclose the lien of the State for taxes on 287 lots in different subdivisions of three sections of land in Cook county which had been forfeited for more than two years for non-payment of taxes. There were several hundred defendants, including Jacob Glos, and also unknown owners of notes, trust deeds and parties interested. Glos appeared and answered the bill, and a decree of foreclosure was entered on June 26, 1916, directing a sale by the county treasurer and *ex-officio* county collector and providing for redemption within two years from the date of sale and conveyances upon a failure to redeem. The premises were advertised for sale and were sold on September 20, 1916, and certificates of purchase were issued to the several purchasers. On December 5, 1916, the county treasurer filed his report of sale, which was approved by the court on the same day. There was no redemption, and on February 20, 1919, H. W. Ward, C. H. Tharp and E. H. Wood, purchasers at the sale, with another as to whom the petition was afterward dismissed, filed a petition alleging service and publication of notices as required by law and the ex-

piration of the time of redemption, and asking for an or-
der directing the county clerk to execute deeds to them for
the several lots purchased by them. Glos on March 1, 1919,
filed a general demurrer to the petition, which was over-
ruled, and on December 15, 1919, upon a hearing the court
granted the prayer of the petition and directed the county
clerk to execute deeds to Ward, Tharp and Wood convey-
ing to them the premises purchased by them, respectively.
From that order Glos appealed.

Many of the alleged imperfections in the record do not
in any way concern the appellant or affect him or his in-
terest in any way but relate to other persons, known or
unknown, as to whom no error, if any existed, could be
availed of by anyone but themselves. The appellant was
found and personally served with the notices required by
law, and objections that there was no statement in the peti-
tion that persons other than those named in the notices
served could not be found, that it did not state that there
were, in fact, no others interested in the property than those
named in the affidavits, or that diligent search and inquiry
were made for parties interested in the respective lots and
parcels of real estate, will not be considered.

The appellant appears to claim that he had some inter-
est in notices being given to August A. Timke, to whom
the bill alleged he had executed a trust deed to secure his
promissory note for $100,000, but if his interests were in
any way connected with Timke as trustee, so that he could
object for him, the record shows that Timke was personally
served with the notices required by the statute and appeared
and filed his demurrer to the petition. He was a defend-
ant individually and as trustee, and one objection is that
the notices served on him did not name him as a trustee
but only as an individual. He was notified for whatever
interest he had and the notices were sufficient.

The objection that it does not appear that W. E. Moss,
at the time he served the notices or at the time of the search

and inquiry for other persons, was the agent of the holders of the tax sale certificates, is overcome by the record, which expressly shows that he was a duly authorized agent.

Objection is made to the notices served of the expiration of the time of redemption because they said that the date of redemption of the premises would expire on September 20, 1918, which meant that there was only one day upon which redemption could be made. The statute requires notice stating when the time of redemption will expire, and the notices giving the date on which the right of redemption would come to an end were a compliance with the statute.

Section 253 of the Revenue act authorizes the foreclosure of a lien for taxes in any court of competent jurisdiction in the name of the People of the State of Illinois whenever the taxes for two or more years upon the same description of property shall have been forfeited to the State, and the foreclosure in this case was for unpaid taxes on premises purchased by the petitioners which had been forfeited for from twelve to sixteen years, successively. The claim that it was necessary, in order to obtain deeds, that there should be affirmative proof of compliance with section 217 of the Revenue law is negatived by the decision in *Clark* v. *Zaleski,* 253 Ill. 63, where it was held that the section does not apply to a sale under a decree foreclosing a tax lien. Section 216 was complied with, and the notice and evidence are not subject to the objection made in *People* v. *Banks,* 272 Ill. 502, that conclusions, merely, were stated. They specifically set forth the notices given and the facts constituting service of the same.

There is no merit in any objection made, and the order of the circuit court is affirmed.          *Order affirmed.*