**William J. Dixon and Caroline Dixon, Plaintiffs in Error, v. William J. Haslett and Mary E. Haslett, Defendants in Error.**

**Gen. No. 7,194.**

1. APPEAL AND ERROR—*judgment of adoption not reviewable on error.* Writ of error will not lie to review the judgment of the county court in adoption proceedings where no property rights or rights of personal liberty are involved, adoption proceedings being purely statutory and there being no statutory provision for review thereof by appeal or writ of error.

2. APPEAL AND ERROR—*property rights of adoptive parents and children not involved in adoption proceedings.* A proceeding in the county court for the adoption of children does not involve property rights so as to make the judgment therein reviewable on writ of error, on the theory that rights of inheritance between the respective adoptive parents and children are involved, where, under the provisions of the Adoption Act, secs. 5, 6, Cahill's Ill. St. ch. 4, ¶¶ 5, 6, restricting inheritance between adoptive children and parents, no property rights of the plaintiffs in error can be disturbed, especially in view of the impossibility of presently determining future rights of inheritance of an heir apparent.

3. APPEAL AND ERROR—*personal liberty of infant not involved in adoption proceedings.* A judgment of adoption by the county court is not reviewable on error on the theory that the personal liberty of the adoptive children is so involved as to make the judgment reviewable regardless of statutory provision for review, the controversy being between respective grandparents of the adoptive children and the order of adoption granting the petition of defendants in error not amounting to a deprivation of the children of their liberty.

Error by plaintiffs to the County Court of Kankakee county; the Hon. HENRY F. RUEL, Judge, presiding. Heard in this court at the April term, 1923. Writ dismissed. Opinion filed February 16, 1924.

C. M. CLAY BUNTAIN and JOHN A. MAYHEW, for plaintiffs in error.

E. P. HARNEY, MILLER & STREETER and W. R. HUNTER, guardian ad litem, for defendants in error.

MR. JUSTICE JONES delivered the opinion of the court.

On June 21, 1922, William J. Haslett and Mary E. Haslett, his wife, filed a petition in the county court of Kankakee county for the adoption of Caroline Frances Sorenson and Mary Jean Sorenson, grandchildren of the petitioners. On July 6, 1922, William J. Dixon and Caroline Dixon, husband and wife, also filed a petition in the same court for the adoption of the children. Caroline Dixon is the other grandmother of the children. The county court consolidated the causes and on January 23, 1923, entered an order of adoption of the children by defendants in error. Plaintiffs in error thereupon sued out a writ of error from this court to review that order.

The defendants in error filed a motion herein to dismiss the writ of error upon the ground that a proceeding for the adoption of children is purely statutory and that no writ of error will lie to review the judgment. The motion has been taken with the case. If the contention of the defendants in error is correct, it will not be necessary to pass upon any other questions involved in the case.

Section 91 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 91] provides that: "Appeals shall lie to and writs of error from the Appellate or Supreme Court * * * in any suit or proceeding at law or in chancery." Section 8 of the Appellate Court Act [Cahill's Ill. St. ch. 37, ¶ 40] provides: "The said Appellate Courts created by this Act shall exercise appellate jurisdiction only and have jurisdiction of all matters of appeal or writs of error * * * in any suit or proceeding at law or in chancery * * *."

There is no statutory provision for the prosecution of an appeal or writ of error in cases of adoption heard in the county court. It has been held that adoption proceedings are purely statutory and are neither a proceeding at law or in chancery. (*Holman v. Brown,* 215 Ill. App. 247; *Foley v. Foley,* 61 Ill. App. 577;

*Watts v. Dull,* 184 Ill. 86; *Kennedy v. Borah,* 226 Ill. 243.) In the absence of a statute authorizing it, a writ of error does not lie to review a judgment in a proceeding that is purely statutory, except in those cases in which there is no right of appeal and property rights or the liberty of the individual are involved. (*Brueggemann v. Young,* 208 Ill. 181; *Grier v. Cable,* 159 Ill. 29; *Myers v. Newcomb Spec. Drain. Dist. Com'rs,* 245 Ill. 140.)

The plaintiffs in error, however, contend that the property rights of the litigants and the personal liberty of the children are involved. The foundation of the argument that property rights are involved is that the children will inherit from their adoptive parents and their adoptive parents will inherit from them. It is also urged that the children, during minority, will have a homestead in the property of the adoptive parents. It is well to note that if a homestead is in reality involved, this court has no jurisdiction to review the case. It is true that the right of inheritance may be released to the ancestor (*Mires v. Laubenheimer,* 271 Ill. 296) or may be assigned to a third person so that the assignee acquires the right to obtain the legal estate, if it ever vests in the assignor (*Donough v. Garland,* 269 Ill. 565). But section 5 of the Adoption Act [Cahill's Ill. St. ch. 4, ¶ 5] provides that the adopted children shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption nor property from the lineal or collateral kindred of such parents, by right of representation. Section 6 of the same Act [Cahill's Ill. St. ch. 4, ¶ 6] provides that the parents by adoption shall not inherit any property which such child may take or have taken by gift, bequest, devise or descent from his kindred by blood. The Hasletts in this case would therefore never inherit, by virtue of the adoption, any property which the adopted children might inherit from Caroline Dixon, but that would descend to those persons who would have been their

heirs had there been no adoption. On the other hand, the children will be unable to inherit any property limited to the body or bodies of the Hasletts, or property from their lineal or collateral kindred by right of representation. But, in addition to this, an heir apparent may not live to inherit, or, living to the time to inherit, may be cut out by a will. It is clear that no present property rights of plaintiffs in error will be disturbed. They cannot complain of a change in the property rights of others which does not affect them (*Clark v. Shawen,* 190 Ill. 47; *People v. Conleur,* 294 Ill. 139). We are of opinion no property rights are involved in this case.

Nor do we concur in the argument that the personal liberty of the infants is involved. The granting of the custody of a child to a particular individual by judicial authority does not deprive the child of his liberty in the sense that term is used in the cases wherein writs of error are granted without statutory authority in a statutory proceeding. This distinction is clearly made by the Supreme Court of our State in the case of *Cormack v. Marshall,* 211 Ill. 519. In speaking of contentions arising over the custody of children, the court said: "It is not regarded in the light of the infant contending for his own liberty but in the true light of other persons interested, or claiming to be, contending for the custody of the infant, and until the infant arrives at the age of discretion, his wishes are neither considered nor consulted."

The case of *Holman v. Brown, supra,* is one in which a writ of error was sued out of the Appellate Court for the Fourth District, to review a judgment of adoption entered by the county court. A motion to dismiss the writ was made and allowed by the court. After reviewing the authorities at length the Appellate Court reached the conclusion that the writ should be dismissed and it was accordingly done. It is urged here that in *Holman v. Brown, supra,* the point that property rights and personal liberty were involved was

not made.  We have, however, disposed of those con-
tentions.

We are therefore of the opinion that the motion to
dismiss the writ of error should be allowed and said
writ dismissed, and it is so ordered.

*Writ dismissed.*