### In the Matter of the Adoption of Louise Smith, sometimes called Louise Blanchard.
### Louise Wilson Moore et al., Appellants, v. Berkeley Brandt and Grace Brandt, Appellees.

### Gen. No. 7,278.

Appeal and error—*appealability of order striking from files petition to vacate decree of adoption.* As no appeal will lie from a decree of adoption none will lie from an order of the county court striking from the files a petition to vacate a decree of adoption.

Appeal by plaintiffs from the County Court of DuPage county; the Hon. S. L. Rathje, Judge, presiding. Heard in this court at the October term, 1923. Appeal dismissed. Opinion filed July 26, 1924.

Shannon & Morrill, for appellants.

Alben F. Bates and Charles W. Hadley, for appellees.

Mr. Presiding Justice Jett delivered the opinion of the court.

This is an appeal from an order of the county court of Du Page county striking from the files the petition of Louise Wilson Moore, Caroline L. Towne and Florence H. Towne, appellants, to vacate a decree of adoption entered in the county court of said Du Page county, whereby Berkeley Brandt and Grace Brandt, appellees, adopted a child known as Louise Smith.

The proceedings involved in this appeal had their inception July 6, 1922, when Berkeley Brandt and Grace Brandt, appellees, filed their petition in the county court of Du Page county to adopt said Louise Smith. The petition was filed and a decree entered at the June term, 1922, of said county court.

At the same term of court and on the 24th day of November, 1922, appellants by leave of the court filed

their petition to vacate the decree of adoption. Appellees entered a special and limited appearance and made a motion to strike the petition to vacate the decree of adoption from the files. On May 21, 1923, the motion of appellees to strike the petition of appellants to vacate the decree of adoption from the files was allowed. Appellants elected to stand by their petition and it is from the order sustaining the motion to strike the petition and the striking of the petition from the files that this appeal is prosecuted. The petition of appellants and the argument in support thereof challenge the decree. In view of the conclusion we have reached it becomes unnecessary to discuss all of the suggestions and arguments of the respective parties. It is suggested by appellees that this appeal will not lie and that it should be dismissed. If no appeal would lie from the decree of the county court adopting the child, then, in our opinion, it necessarily follows that no appeal will lie from an order of the county court, striking a petition from the files, that challenges the decree of adoption.

*In re Petition of Warner*, 193 Ill. App. 382, was a proceeding instituted under chapter 4 of the Revised Statutes relating to the adoption of children [Cahill's Ill. St. ch. 4, ¶ 1 *et seq.*]. A petition was filed in the county court of McHenry county by Isaac M. Warner and Ella V. Warner praying for the adoption of two children, namely, Loraine R. E. Short and Rhea Pauline Short, under the provision of the act referred to. A decree was entered by the county court granting the prayer of the petition and sanctioning the adoption of the two children. The father of the children adopted thereupon prayed an appeal to this court which appeal was allowed.

Appellees made a motion to dismiss the appeal, which was taken under advisement, to be considered and determined in the decision of the case. This court in its opinion said: "The adoption of children is un-

known to the common law. The principle of adoption is taken from the Roman law and is solely the creation of statutory enactment. The proceeding does not belong to the general jurisdiction of county courts, nor is it in accordance with the usual form of common law or chancery proceedings; but it is under the special statute and to be exercised in a special and summary manner." *Foley v. Foley,* 61 Ill. App. 580.

The question of the right of appeal in proceedings of this character was passed upon in the case of *Meyers v. Meyers,* 32 Ill. App. 189. It was there also held that this proceeding is purely statutory, and of a summary character, like the proceedings for the commitment of insane persons. The right of appeal is not given and the right of an appeal is incompatible with the nature and the purposes of statutory proceedings of a summary character. *People v. Gilbert,* 115 Ill. 59. In purely statutory actions, the right of appeal does not lie, unless expressly provided for in the statute. *Cramer v. Forbis,* 31 Ill. App. 259; *Lewis' Appeal* (Pa.) 10 Atl. 126. To the same effect is *Holman v. Brown,* 215 Ill. App. 247.

As the purpose of the petition filed by appellants was to set aside and vacate the decree of adoption, and since no appeal will lie from the decree, we are of the opinion that the appeal prosecuted in this proceeding will not lie. We, therefore, conclude that the county court of Du Page county committed no error in striking the petition of appellants from the files. Being of the opinion the appeal cannot be sustained, the appeal is dismissed.

*Appeal dismissed.*