## The People of the State of Illinois ex rel. Dennis O'Connor, Plaintiff in Error, v. John Cole and Mary Cole, Defendants in Error.

### Gen. No. 29,501.

1. HABEAS CORPUS—*final order in prior proceeding as bar to different disposition of subsequent proceeding.* A final order denying the petition of a relator in habeas corpus proceedings is not a bar to an order granting his petition in a subsequent proceeding, where the circumstances controlling the right to the writ have changed in the interim.

2. HABEAS CORPUS—*sufficiency of evidence to show change of conditions warranting grant of writ to relator previously denied relief.* Evidence in habeas corpus proceedings to secure custody of the relator's daughter held to show such a change of the circumstances affecting the welfare of the child since the denial of a former application by the relator as to warrant a different order.

3. ADOPTION OF CHILDREN—*collateral attack upon adoption decree in habeas corpus proceedings to secure custody of child.* If a county court had jurisdiction to enter a decree of adoption, the decree cannot successfully be attacked in habeas corpus proceedings by the parent to secure custody of the child, but if the county court was without such jurisdiction the decree was void and the relator is entitled to the custody of his child.

4. ADOPTION OF CHILDREN—*construction of authorizing statute.* Since the proceeding by which a child may be adopted into a family other than that into which it was born is one wholly unknown to the common law, it is the duty of the court, in determining whether the jurisdictional provisions of the statute have been complied with, to apply a strict rule of construction.

5. ADOPTION OF CHILDREN—*necessity that child be made party.* The provision of the statute (Cahill's St. ch. 4, ¶ 2) that all persons named in the petition for the adoption of a child shall be made defendants by name, etc., is mandatory, and refers to and includes the child who is the subject of the proceeding.

6. ADOPTION OF CHILDREN—*consent of natural parent as prerequisite to jurisdiction to decree adoption.* Where the record of a proceeding for the adoption of a child affirmatively shows that the

child's natural parent was not in default of an answer in such proceeding, but did not appear and consent to the proposed adoption, the county court was without jurisdiction to enter a decree of adoption.

Error by plaintiff to the Superior Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding. Heard in the first division of this court for the first district, at the October term, 1924. Reversed and remanded with directions. Opinion filed November 23, 1925.

HOULIHAN & MICHELS, for plaintiff in error.

ROBERT E. HOGAN, for defendants in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

The relator, Dennis O'Connor, filed his petition for a writ of habeas corpus for the purpose of securing the custody and control of his daughter, Frances Bernadette O'Connor, who is also known as Frances Bernadette Cole.

The child at the time of the hearing was about five years of age. The court entered an order directing that she should be remanded to the custody of John and Mary Cole and the writ dismissed. The trial judge intimated that the order would have been otherwise if he had not been precluded by a previous order entered upon a prior petition, which was also sued out by the relator, in which proceeding also the child was remanded to the respondents.

The court seemed to be of the opinion that *Cormack v. Marshall*, 211 Ill. 519, was controlling, and that under the rules of law as announced in that case the order in the former proceeding was a bar to the entry of any different order.

The cause is now before this court upon a rehearing granted upon the petition of the respondents, showing that through inadvertence they failed to appear in this court to sustain the judgment as entered. The questions involved are of great importance not only

to the parties but to others in a similar situation, and to the general public.

We now think, as stated in the former opinion, that the trial judge misapprehended the rule stated in *Cormack v. Marshall, supra*. While it was there held that an order of a judge having jurisdiction in a proceeding of this sort is a final order and binding upon the parties, the rule is expressly stated to be final only "under the same facts and so long as the same conditions exist as did at the time of the hearing and order." In the later case of *Sullivan v. People*, 224 Ill. 474, our Supreme Court expressed this limitation as follows:

"An order in an *habeas corpus* proceeding for the custody of a child is held to be final for the purpose of a writ of error only in the sense that the parties are concluded *under the particular circumstances existing when the order is made*. The order is final when pronounced but may not be final at any subsequent time, and its finality afterwards is to be determined, not from its character, but from extrinsic truth. If there is any change in the conditions and circumstances the order is not final or conclusive and the parties are free to try the issue again upon a second application."

In the recent case of *People v. Burr*, 316 Ill. 166, the Supreme Court again stated the rule in substantially the same language, saying:

"The order is final when pronounced but may not be final at any subsequent time, and its finality afterward is to be determined not from its character but from extrinsic proof. *If there is any change in the conditions and circumstances,* the order is not final or conclusive and the parties are free to try the issue again upon a second application."

This petition of relator was filed July 15, 1924. His former petition was filed in the superior court of Cook county March 21, 1922, and the order remanding the child to the custody of respondents was entered on March 29, 1922.

The evidence shows that in several respects conditions had changed since the former hearing, and that the particular circumstances affecting the welfare of this child are not the same as the circumstances existing at the time the former order was made.

The mother of Frances died February 2, 1922, at the home of the respondents where she went (taking the child with her) after some misunderstanding with the relator, her husband. The respondent, Mary Cole, at the time of the former hearing, was physically able to care for the child. The evidence discloses that she has now become a paralytic, walking with the assistance of a crutch or cane, and that she is able to move about the house only by the use of a wheel chair.

Again, the father of the child, Dennis O'Connor, has since the former hearing remarried, and the evidence, which is in part given by another daughter (a girl thirteen years of age who is living with him and his present wife), indicates this wife is an intelligent woman of good character, respected by her neighbors, kind and considerate to the two children by relator's former marriage, and that she is willing to assist her husband in caring for and rearing this child.

It further appears from the evidence (and this without contradiction) that the respondent, John Cole, since the former hearing has refused the father permission either to see or to visit his child, and that in fact he on one occasion assaulted the father when he sought to do so.

Aside from the decree hereafter discussed, the evidence in this record also tends to show that the relator is an industrious man of good character; that he is providing a good home to which he is anxious to take his child, where she may grow up in association with his other children, and that she will be properly cared for therein. The change of circumstances, as shown by the evidence, were such that the trial judge was not, as he supposed, precluded by the former order from entering a different order in this proceeding.

The People v. Cole et al., 238 Ill. App. 413.

The real defense set up, however, and the controlling question in the case is raised by the answer of respondent, John Cole, in which he claims the custody of the child under an adoption decree entered in the county court of Cook county after a full hearing. That decree was entered on November 28, 1922 (shortly after the first *habeas corpus* proceeding), and the question here is whether the county court had jurisdiction to enter that decree. If it had such jurisdiction, then the decree cannot be successfully attacked in this collateral proceeding. On the contrary, if it did not have such jurisdiction, the decree is void and the relator is without question entitled to the care and custody of his child.

The petition upon which the decree was entered was as follows:

"STATE OF ILLINOIS } ss.
COUNTY OF COOK }

IN THE COUNTY COURT OF COOK COUNTY

"In re Petition of John Cole and
Mary Elizabeth Cole to Adopt
Frances Bernadette O'Connor.

"TO THE HONORABLE JUDGE OF SAID COURT IN CHANCERY
SITTING:

"Your petitioners, John Cole and Mary Elizabeth Cole, his wife, of the City of Chicago, County of Cook and State of Illinois, respectfully represents unto the Honorable Court as follows:

"That they are husband and wife and reputable persons, and are now residents of the City of Chicago, County of Cook and State of Illinois and have been such residents for several years last past.

"Your petitioners further show unto the court that Frances Bernadette O'Connor is a female child of about the age of two years, that the father of said child, Dennis O'Connor, abandoned the said child on the 29th of January, 1922.

"Your petitioners further show unto the court that the said Dennis O'Connor was guilty of extreme and repeated cruelty to the said child and for the reason

of his depravity, he is unfit to have the care and custody of the minor child.

"Your petitioners further show unto the court that Jennie O'Connor, the mother of the said child, is deceased, and your petitioners further show unto the court that they are related to the said child as uncle and aunt, your petitioner being the sister of the deceased mother, and the grandmother of the said child being willing that your petitioners adopt the said child.

"Your petitioners further show unto the court that each and both of them are of sufficient ability to rear the said child and to furnish suitable nurture and education therefor, and it is fit and proper for the best interest of the said child that your petitioners adopt the said child according to the statute in such case made and provided.

"Your petitioners therefore pray this Honorable Court by its decree to authorize and confirm the adoption of said Frances Bernadette O'Connor by your petitioners and that the said Frances Bernadette O'Connor be changed to that of Frances Bernadette Cole and that such other and further orders may be entered in the premises as to this court shall seem meet and proper.

"May it please your Honor to grant unto your petitioners the writ of summons in chancery directed to the sheriff of Cook County, commanding him that he summon the said defendant, Dennis O'Connor to appear before the said Court on the 6th day of May, 1922, at the Court House in the County of Cook, then and there to answer this petition.

John Cole<br>Mary Elizabeth Cole.

"State of Illinois
County of Cook } ss.

"John Cole and Mary Elizabeth Cole, after being first duly sworn on oath, deposes and says that they have read the foregoing petition by them subscribed, that they know the contents thereof, and that the same is true in substance and in fact.

John Cole<br>Mary Elizabeth Cole.

(Seal)

Subscribed and sworn to before me this 17 of April, A. D. 1922.

ROBERT E. HOGAN.''

The relator, Dennis O'Connor, answered, admitting the facts alleged as to the age, parentage, etc., of the child, but denying that he had abandoned her or that he was guilty of extreme and repeated cruelty, or that he was in any way unfit to have the care and custody of the child.

The decree recites that having heard the evidence in open court, the court finds:

''That the father Dennis O'Connor had abandoned the child and that Dennis O'Connor is a depraved person; that Jennie O'Connor, the mother, is dead; that said child is a female child of the age of two years; that its present name is Frances Bernadette O'Connor; that the petitioners John and Mary Cole are of sufficient ability to bring up the said child and furnish suitable nurture and education therefor; and that it is fit and proper that such adoption should be made, and for the best interests of the child.   *   *   *

''It is therefore Ordered, Adjudged and Decreed, in accordance with the statute in such case made and provided, that from this date said child Frances Bernadette O'Connor shall, to all legal intents and purposes, be the child of the petitioners John and Mary Cole and for the purposes of inheritance and all other legal incidents and consequences, shall be the same as if she had been born to them in lawful wedlock.''

The proceeding by which a child may be taken out of one family and adopted into another is a proceeding wholly unknown to the common law. It is derived from the civil law and the proceedings are wholly statutory. The statute forms the subject matter of chapter 4 of the Revised Statutes. See Smith and Hurd Rev. St. 1923, pp. 25-26 [Cahill's St. ch. 4].

It has been held by the Supreme Court that this statute must be strictly construed. In *Keal v. Rhydderck*, 317 Ill. 231, that court says:

''The adoption proceeding being statutory, the validity of a decree of adoption depends upon the compliance with every essential requirement of the statute

authorizing it. (*In re Sharon's Estate,* 179 Cal. 447, 177 Pac. 283.) Being in derogation of the common law, the statute conferring the right of adoption must be strictly construed. (*Watts v. Dull,* 184 Ill. 86.) * * * The attack made on the proceedings to adopt the child being collateral, the only inquiry proper to be made is whether the county court had jurisdiction to enter the decree. Before the decree can have vitality the court must have jurisdiction of the subject matter and of the person. (*Rabbitt v. Weber & Co.,* 297 Ill. 491.) Where a court is exercising a special statutory jurisdiction the record must show upon its face that the case is one where the court has authority to act. Jurisdiction in such cases is never presumed, and if it does not appear the judgment will be void and subject to collateral attack. (*Rice v. Travis,* 216 Ill. 249; *Payson v. People,* 175 Ill. 267; *Haywood v. Collins,* 60 Ill. 328.) Whatever the rank of the court exercising a special statutory jurisdiction, it is governed by the same rules as courts of limited jurisdiction.''

In the yet more recent case of *Musselman v. Paragnik,* 317 Ill. 597, our Supreme Court said:

''The petition required to put the court in motion and give it jurisdiction must be in conformity with the statute granting the right and must show all the facts necessary to authorize it to act.''

The provisions of the statute must therefore be in every material respect complied with, and in determining whether the proceedings do so comply, it is the duty of the court to apply a strict rule of construction.

The requirements of a proper petition are set forth in section 2 of the statute, *supra.* It provides that the petition shall state one or more causes of adoption, the name, if known, the sex, the approximate age of the child sought to be adopted, and if it is desired to change the name, the new name, and either the name, or that the name is unknown to petitioner (first) of the person having the custody of such child, and (second) of each of the parents or of the surviving parent of a legitimate child or of the mother of an illegitimate child; or (third) if it allege that both such parents

are or that such mother is dead, then of the guardian, if any, of such child; or (fourth) if it allege that both such parents are, or that such mother, is dead and that no guardian of such child is known to petitioner, then, of a near relative, or that none such is known to petitioner.

That section of the statutes also provides that the petition shall state "the residences of such parties, so far as the same are known to such petitioner. All persons so named in such petition shall be made defendants by name and shall be notified of such proceedings by summons, if residents of this State, in the same manner as is now or may hereafter be required in chancery proceedings by the laws of this State, except only that the summons shall be made returnable at any time within twenty days after the date thereof."

Even a slight examination of this petition discloses the significant fact that the child is not named as a defendant, and that the petition fails to show any request that any person should be named as guardian *ad litem* for her or to represent her interests.

According to usual practice in courts of law, she could not be deprived of any property right in a proceeding to which she was not a party and in which she was not represented; and it is difficult indeed to understand on what theory she can be deprived of rights which are even more fundamental without being made a party thereto. We think the provision of the statute, "All persons so named in such petition shall be made defendants by name," etc., is mandatory and that it refers to and includes the child who is the subject of the proceeding.

A more difficult question arises when we come to a consideration of the interpretation of the provisions of section 3 when applied to this proceeding. The record affirmatively shows that Dennis O'Connor, the father of the child, was not in default of an answer and that he did not appear or consent to the supposed adoption. The language of section 3 [Cahill's St. ch.

4, ¶ 3] is that: "On default of answer of all the defendants, the court shall proceed to hear evidence, and if the court shall find," etc., then a decree of adoption shall be made. It is the contention of the relator that this section properly construed shows the county court of Cook county without jurisdiction; that it could only hear evidence and enter a decree of adoption in a case of default, and that it was therefore without jurisdiction because the parent appeared and withheld his consent.

When we consider the profound effect upon the rights of the parties in interest, it does not seem unreasonable that this section should be so construed. True, the further provisions of the statute indicate an intention to grant to the court power to find that the parent was unfit for the reasons enumerated in the statute; but this is not inconsistent with the construction for which relator contends, which is that if the parent is unfit in any of the ways enumerated, and also defaults, then the court has jurisdiction to deprive the parent of his natural right to his child, but that if he does not so consent then the court is without jurisdiction.

Of course the question of the right of adoption is easily distinguished from the right to custody, and any court of chancery has on well-recognized grounds jurisdiction to take from the parent the custody of his child in case he or she is found unfit to have it. Custody, however, is one thing; the right of adoption, which changes the course of inheritance, deprives the child of the place in which it was placed by nature, and by force of law thrusts it into another relationship, is another and very different matter.

Elementary rules in the construction of statutes are that the object is to find the legislative intent; that the intention must be found in the words of the statute. An examination of this particuar statute indicates that the use of the word "of" in the first clause of section 3 was not by an inadvertence. If it had been the in-

tention of the legislature to grant to the county court jurisdiction to enter a decree of adoption as against the wish of an unwilling parent, that result might have been easily affected by the substitution of the word "or" for the word "of" in the first clause of the sentence.

It has been often pointed out that it is not the duty of courts to make law but to interpret it; and in the interpretation of statutes the rules which we have pointed out are fundamental. It is also not improper, in arriving at the true interpretation, to consider whither the contrary interpretation will lead and what its effect will be. It is significant, we think, that in providing for this statutory proceeding, unknown to the common law, no review by writ of error was provided. The legislature also failed to provide for review by appeal. It has been held in well-considered cases (see *Meyers v. Meyers,* 32 Ill. App. 189; *In re Warner's Petition,* 193 Ill. App. 382; *Holman v. Brown,* 215 Ill. App. 247) that such decrees are not subject to review by either method.

It is hardly to be thought that the legislature would provide a procedure by which, without the right of trial by jury and without the right to a review of the evidence by a higher court, a parent could, as against his will, have his child taken from him and given to another. The evidence in the record before us indicates that is precisely what has been done in this proceeding. Other than the findings of the decree which are so general in their nature as to leave us unconvinced, there is uncontradicted evidence in this record indicating that this father loves and cares for his child, has provided a good home for her where he desires she may be allowed to grow up with her sisters; that he is a frugal, industrious man, worthy of the confidence and respect of the community; yet the law has taken his child from him against his earnest protest.

It is contended by the respondents that another divi-

sion of this court, upon a similar state of facts, has decided directly the contrary in *People v. Fahey,* 230 Ill. App. 143. In considering that decision, however, certain facts which distinguish the record there considered from the one now before us should be pointed out. In the first place, the defendant in error in that case did not appear to support the judgment of the trial court, and the case was heard and decided on an *ex parte* hearing. The question of the construction of section 3 does not appear to have been presented to the court and did not receive consideration in its opinion. The petition and the decree upon which the court acted in that case are not set up at length. It does appear that no guardian *ad litem* was appointed to represent the child, and the court in its opinion indicates that while that was error, had the decree been attacked on appeal or by writ of error, failure to appoint a guardian *ad litem* would not subject the decree to collateral attack. Apparently it was not called to the attention of the court that such a decree was not, under our practice, subject to review either by appeal or writ of error.

Presumably the child was in that case made a defendant to the proceeding. A collateral matter arising out of that case was considered by the Supreme Court in *People v. Burr,* 316 Ill. 166, but the points which have been argued here do not seem to have been presented there. As is said in 1 Corpus Juris, p. 1384: "Consent lies at the foundation of statutes of adoption, and, if they require it to be given, the jurisdiction of the subject matter cannot be acquired without it. Where certain facts obviate the necessity of consent, the existence of those facts must be shown."

Our conclusion is that the decree of the county court upon which respondents rely is subject to collateral attack and is void for the reasons that the court was without jurisdiction to enter it. The judgment will therefore be reversed and the cause remanded to the superior court with direction to enter an order re-

manding the child, Frances Bernadette O'Connor, to the custody of her father, Dennis O'Connor.

*Reversed and remanded with directions.*

McSURELY and JOHNSTON, JJ., concur.