REUBEN EKENDAHL *et al.,* Appellants, *vs.* ATHENA SVOLOS *et al.,* Appellees.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

EDWARD E. FLEMING, and EWART HARRIS, both of Chicago, for appellants.

JOHN H. LYLE, and ALFRED F. BECK, both of Chicago, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Reuben Ekendahl and Ethel Ekendahl, husband and wife, filed a petition in the county court of Cook county

praying for the adoption of Demetrios Svolos. Eletrios Svolos, the father of said child, and Athena Topol, the mother, were made defendants as required by section 2 of the Adoption Act. (Ill. Rev. Stat. 1943, chap. 4, par. 2.) Service was had and Athena Topol filed an answer. After a hearing of evidence, an order of adoption was entered as prayed in the petition. Athena Topol appealed from such order to the Appellate Court. The Ekendahls filed a motion to dismiss the appeal, and as grounds therefor urged that there was no authority in law for an appeal or writ of error in adoption matters and that, therefore, the Appellate Court was without jurisdiction to review the case. The Appellate Court overruled the motion and after a review of the facts entered a judgment reversing the order of the county court. The Ekendahls' petition for leave to appeal to this court was allowed.

The first question is as to the jurisdiction of the Appellate Court to review the cause either on appeal or by writ of error. There is no provision in the Adoption Act giving either party a right of review either by appeal or writ of error. Section 11 (par. 13,) of the act declares that the provisions of the Civil Practice Act shall be applicable to adoption proceedings, "except as to any provisions for appeal and except as otherwise provided in this Act." It is clear that such exception cuts off all right of appeal through the procedure prescribed in the Civil Practice Act.

Appellee contends that even though there is no right of appeal prescribed by statute she would have a right to have the order of the county court reviewed by writ of error and that the Appellate Court was correct in holding that her appeal, inadvertently taken, should be treated as a writ of error. There is no question as to the right a party has as to the alternative methods of review but before an appeal may be treated as a writ of error, it must appear there is no provision for appeal and that the judg-

ment or order appealed from is one that is subject to review by writ of error.

The right of adoption as conferred by the Adoption Act was unknown at common law and when a county court entertains such a proceeding it exercises a jurisdiction purely statutory and one which does not have its origin in the common law. *Kennedy* v. *Borah,* 226 Ill. 243; *Watts* v. *Dull,* 184 Ill. 86; *Holman* v. *Brown,* 215 Ill. App. 247.

In the recent case of *Superior Coal Co.* v. *O'Brien,* 383 Ill. 394, the right to review purely statutory proceedings by writ of error was considered and it was said: "It is established that in proceedings purely statutory and unknown to the common law, involving property rights or personal liberty, where no method of review whatever is provided but a writ of error is not expressly forbidden, a writ of error is allowed as a matter of right." To the same effect are *People* v. *Scott,* 326 Ill. 327; *Haines* v. *People,* 97 Ill. 161; *Unknown Heirs of Langworthy* v. *Baker,* 23 Ill. 430. This principle is well established and is controlling in adoption proceedings.

The application of the principle announced in the foregoing cases brings forward a question as to whether property rights or personal liberties are involved in this adoption proceeding. Appellee recognizes the force of the rule but contends that her right to the companionship, love, affection and service of her child is a right of equal or greater dignity than any right that might attach to property.

The natural parents have the right to the custody of their child and to enjoy its love, affection and earnings, but it is not an absolute right. The child is a citizen of the State and during its tender years is a ward of the State, and if at any time the natural parents are unable or unwilling to give the child that care, affection, support and attention it should receive, the State intervenes to

terminate the right of the parents to its continued custody and to place the child in a more suitable environment. This is on the theory that the parents, through inability or unwillingness, have, by their own conduct, forfeited their right to the custody of the child. In the instant case, it was alleged in the petition for adoption that appellee had abandoned the child. The issue before the court was not a test as to whether petitioners had a right to the child which was superior to the right of the natural parents, but it was limited to a determination of whether appellee had abandoned the child and, if she had, to the question whether petitioners were suitable persons to be the adoptive parents of such child. There is nothing in the nature of the right which natural parents have in their children and to their custody that will support a review of an adoption proceeding by writ of error. Cases from other jurisdictions are authority for the legal conclusion that parents have no property rights in their children. *Purinton* v. *Jamrock*, 195 Mass. 187, 80 N. E. 802; *Anthony* v. *Tarpley*, 45 Cal. App. 72, 187 Pac. 779.

It is not claimed that there is any property right involved such as would attach to a vested right of inheritance. The most that could be claimed in this case are the contingent possibilities that might arise and these are insufficient to support a writ of error. (*Dixon* v. *Haslett*, 232 Ill. App. 152; *Holman* v. *Brown*, 215 Ill. App. 247.) There is no claim that the personal liberties of the child are involved in this case.

The Appellate Court was without jurisdiction to entertain the cause and therefore its judgment is reversed.

*Judgment reversed.*